Lewis and Diane BORSELLINO, Plaintiffs-Appellants,

v.

Louis C. and Edna KOLE, Defendants-Respondents.

Court of Appeals

*No. 91-2191. Submitted on briefs February 26, 1992.—Decided April 1, 1992.*

(Also reported in 484 N.W.2d 564.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Michael D. Flanagan* and *James J. Jochum* of *Foley & Lardner* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Edward F. Thompson* of *Clair Law Offices, S.C.* of Delavan.

Before Nettesheim, P.J., Brown and Anderson, JJ.

BROWN, J. The main issue in this riparian rights case is whether the coterminous riparian rights line method (the right angle method) must be used to determine riparian space when the shore approximates a straight line but the lot does not meet the shore at right angles. Since there is no set rule in Wisconsin for establishing the riparian space of shoreline properties, the circuit court properly exercised its discretion in relying on the extended lot line method to determine the parties' riparian rights, even though the parties' lots did not meet the shore at right angles. Therefore, we affirm the court's judgment.

Lewis and Diane Borsellino built a new pier off the southern edge of their property into Geneva Lake. The pier was constructed to the west of where the original pier for the property was located. The new pier was 100 feet long, had an L-cove on the west side of the pier, and a shore station on the north side of the L-cove.

A dispute later developed between the Borsellinos and their adjacent neighbors to the west, Louis C. and Edna Kole. The Borsellinos claimed that the Koles had created a navigation problem by relocating a shore station from the western side of the Kole pier to the eastern side of the Kole pier and L-cove. During the ensuing litigation, it was discovered that the Borsellinos' pier was not built in the location specified on the permit they obtained from the DNR and the town of Linn. The parties agreed to dismiss that lawsuit without prejudice. The Borsellinos then obtained a revised permit from the DNR.

After the Borsellinos obtained the new DNR permit, they initiated the instant lawsuit against the Koles. The Borsellinos claimed that the coterminous riparian

rights line method (the right angle method) was the proper method for determining riparian space for these lots.[1] The Borsellinos further claimed that, according to the right angle method, parts of the Koles' pier violated the Borsellinos' riparian space.

The Koles counterclaimed that the extended lot line method was the proper method for determining riparian space. They also claimed that, according to the extended lot line method, the Borsellinos' pier violated the Koles' riparian rights because it was not the proper distance from the common riparian line and thus interfered with the safe maneuvering of boats. The Koles further claimed that the Borsellinos did not have a permit for their pier.

At trial, a witness from the DNR testified that the Borsellinos' revised permit was invalid because the permit was "subject to the Town of Linn pier regulations." The Borsellinos never obtained a revised permit from the town of Linn.

The town of Linn building inspector testified that he always used the extended lot line method to determine riparian boundaries and that the Borsellinos' pier did not have the required setback of 24.5 feet from the riparian line.

The trial court concluded that the extended lot line method was the proper method for determining the riparian space of the parties. The court further concluded that the Borsellinos did not have a permit to place their pier in its disputed location, that they would have to remove their pier, and that they could construct a new pier only in the location approved on the original permit issued by the town of Linn and the DNR.

---

[1]This method is also called the "Knitter method" and the "colonial method," although there was some dispute at trial whether all these terms are exactly equivalent.

The Borsellinos argue on appeal that the extended lot line method cannot be used to determine the parties' riparian space because their lots meet the shore at approximately a seventy-degree angle rather than at right angles. They also argue that, even if the extended lot line method is used, it was clearly erroneous for the trial court to order them to remove their pier because testimony at trial by the town of Linn building inspector indicated that their pier fell within their riparian space. The Borsellinos further claim there was no evidence presented to indicate that the Borsellino pier violated the Koles' zone of riparian interest even when using the extended lot line method.

A determination of whether the right angle method of determining riparian rights is required as a matter of law when a lot does not meet the shore at right angles is a question of law. We review questions of law *de novo* without deference to the trial court. *See First Nat'l Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

There is no set rule in Wisconsin for establishing the extension of boundaries into a lake between contiguous shoreline properties. *Nosek v. Stryker,* 103 Wis. 2d 633, 635, 309 N.W.2d 868, 870 (Ct. App. 1981). Where the course of the shore approximates a straight line and the onshore property division lines are at right angles with the shore, the boundaries are determined by simply extending the onshore property division lines into the lake. *Id.* Where the onshore property does not meet the shore at right angles, the division lines should be drawn in a straight line at a right angle from the shoreline to the point of navigation, without respect to the onshore boundaries. *See id.* at 636, 309 N.W.2d at 871. Where

the shoreline is irregular and it is impossible to draw riparian lines at right angles to the shore to accomplish a just apportionment of riparian space, then the riparian line is drawn to divide the waterfront in proportion to the length of the shoreline. *Id.* at 637, 309 N.W.2d at 872. The law also permits any other method for determining riparian rights which is compatible with the general rule that all riparian owners should have their due proportion of the line of navigation and a course of access to it exclusive of every other owner. *See* Wis. Adm. Code sec. **NR 326.07.**

■

Our decision on whether the right angle method must be used when the lot does not meet the shore at right angles is controlled by *Nosek's* statement regarding no set rule in Wisconsin for determining riparian boundaries and the statement in Wis. Adm. Code sec. **NR 326.07**(2)(d) that any method compatible with the general rule is acceptable. *Nosek* does not mandate the right angle method when a lot does not meet the shore at right angles. Rather, our enumeration in *Nosek* of circumstances when the three methods are appropriate was descriptive of a general rule rather than a mandatory one. In *Nosek* we described the normal practice as derived by case law up to the time of *Nosek.* The methods are not wooden requirements. Thus, the extended lot line method can be employed even when a property does not meet the shore at right angles.

Since *Nosek* does not mandate the right angle method without regard to the circumstances of a case, we cannot agree with the Borsellinos that, because their property met the shore at approximately a seventy-degree angle, it was an abuse of discretion for the trial court to use the extended lot line method.

██ Evidence in the record suggests that the extended lot line method was the appropriate method to determine the riparian rights of the parties in this case. The Koles' pier, which had been in its location since 1952, would have violated the Borsellinos' riparian space and required removal if the right angle method were used, but not if the extended lot line method were used. The town of Linn building inspector testified that the town followed a policy of "the last one into the water is at a disadvantage, he has to respect the rights of the neighbors." The building inspector also testified that using the right angle method to determine the Borsellinos' riparian rights would have a domino effect on many of the property owners to the west of the Borsellino property. Considerations of basic fairness indicate that the court properly exercised its discretion when it chose the method respecting the established rights of the Koles and other property owners who had piers on the lake for some time.

██ The Borsellinos argue that not only *Nosek* but also the town of Linn ordinance mandate the use of the right angle method rather than the extended lot line method when the property does not meet the shore at right angles. However, the ordinance recites the three methods of determining riparian boundaries found in *Nosek,* 103 Wis. 2d at 635–37, 309 N.W.2d at 870–72, and appears to use *Nosek*'s language. Since we have interpreted *Nosek* as permitting use of the extended lot line method even when a property does not meet the shore at right angles, we also interpret the town of Linn's ordinance as likewise permitting the use of the extended lot line method to achieve an equitable result.

This interpretation of the ordinance comports with trial testimony about actual practice in the town of Linn. The town building inspector claimed that he always used the extended lot line method for properties on this area of the lake.

The Borsellinos further argue that, even if the trial court properly exercised its discretion in using the extended lot line method to determine their riparian boundaries, it was clearly erroneous for the court to conclude that the Borsellino pier violated the Koles' riparian space and had to be removed. The Borsellinos point to testimony of the town building inspector that "[e]ven if he [Borsellino] were to use the extended lot line method, his pier is actually on his property."

The Borsellinos quote selectively from this testimony. The town building inspector said that the pier was on the Borsellino property "but the overhanging of a boat and shore station was not." The overhanging of boats was caused not only by the placement of the shore station but also by the placement of the L-cove. Although the pier itself had the required setback from the riparian boundary, the L-cove and shore station did not. Moreover, even the pier itself was located to the west of where the original permit application indicated it would be built. Given all these violations, it was not clearly erroneous for the trial court to conclude that the Borsellinos' pier encroached on the Koles' riparian rights and that the entire pier should be relocated.

The Borsellinos argue in their reply brief that if this court concludes that the right angle method is not required as a matter of law in this case, the case should be remanded to the trial court with directions to remand to the DNR for the factual determination regarding the parties' riparian rights. They cite *Godfrey Co. v.*

*Lopardo,* 164 Wis. 2d 352, 375, 474 N.W.2d 786, 795 (Ct. App. 1991), where this court stated that "the trial court is not the correct decision maker to make the factual determination and allocation of riparian rights."

We decline to order the trial court to remand this case to the DNR because the Borsellinos never put such a request before the trial court. Nor did they request a hearing from the DNR prior to initiating this lawsuit in circuit court. Thus, the Borsellinos have waived the remedy of remand to the DNR.

Moreover, *Godfrey* can be distinguished from this case. Before Godfrey Company filed its initial complaint in circuit court, the Lopardos had requested an investigation by the DNR, pursuant to sec. 30.14(2), Stats. During the DNR investigation, Godfrey Company filed its complaint in circuit court seeking reformation of the deed at issue in the riparian rights dispute. *Godfrey,* 164 Wis. 2d at 360, 474 N.W.2d at 789. Here, litigation was commenced without the Borsellinos first filing a complaint with the DNR.

*By the Court.*—Judgment affirmed.