IN RE the MARRIAGE OF:

Nicholas J. LICARY, Petitioner-Appellant,†

v.

Cheryl A. LICARY, Respondent-Respondent.

Court of Appeals

*No. 91–0409. Submitted on briefs November 6, 1991.—Decided April 16, 1992.*

(Also reported in 484 N.W.2d 371.)

†Petition to review pending.

686

For the petitioner-appellant the cause was submitted on the brief of *Richard E. Hemming* and *Jodi Timmerman* of *Consigny, Andrews, Hemming & Grant, S.C.* of Janesville.

For the respondent-respondent the cause was submitted on the brief of *William W. Rentz* of *Bolgrien, Rentz, Mineau & Koepke, S.C.* of Beloit.

The cause was submitted on the brief of Guardian ad Litem, *William T. Henderson* of *Collins & Henderson* of Beloit.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J. Nicholas Licary appeals from an order denying his 1990 motion to modify the initial order granting sole custody of their children to his former spouse, Cheryl Licary. Nicholas seeks joint legal custody. He contends that a 1988 amendment to custody law creating joint legal custody is, in and of itself, a substantial change in circumstances justifying modification when both parents are fit. He asserts that sec. 767.325, Stats., was created in 1988 to lower the stan-

dard required for custody modifications and that joint legal custody is presumed to be in the best interest of children. He contends that although sec. 767.325(1)(b)2.a., Stats., creates a rebuttable presumption that continuing the current allocation of decision-making under a legal custody order is in the best interest of the child, the trial court erred by failing to find that the presumption had been rebutted. We reject his contentions and affirm the order denying the motion to modify.

When Nicholas and Cheryl Licary were divorced in 1986, sec. 767.24(1)(b), Stats. (1985–86), provided:

> The court may give the care and custody of such children to the parties jointly if the parties so agree and if the court finds that a joint custody arrangement would be in the best interest of the child or children.

The Licarys did not agree to joint custody of their two minor children, and the court granted sole custody to Cheryl.

The 1988 legislation repealed sec. 767.24(1)(b), Stats. (1985–86), and created a new sec. 767.24, Stats.[1] The present sec. 767.24(2)(b), Stats., provides that the court "may give joint legal custody only if it finds that doing so is in the child's best interest" and either (1) the parties have agreed to joint legal custody or (2) one party requests joint legal custody, both parties are capable of performing parental duties and responsibilities, no conditions exist to interfere with such custody and the parties can cooperate in the decision-making required during joint legal custody.[2]

---

[1]Sections 27 and 32, 1987 Wis. Act 355, effective May 3, 1988.

[2]Section 11, 1987 Wis. Act 355, changed the law so as to

The 1988 legislation also revised modification of custody and physical placement orders.[3] The new statute, sec. 767.325, Stats., distinguishes between modification during the first two years after initial custody or placement is ordered and modification after the two-year period. Within the first two years, the court may not modify the legal custody order or the physical placement order if the modification would alter the time a parent may spend with a child, unless the party seeking modification shows by substantial evidence that the modification "is necessary because the current custodial conditions are physically or emotionally harmful to the best interest of the child." Section 767.325(1)(a), Stats.

After the two-year period, the court may modify the order if it finds that two conditions exist: first, the "modification is in the best interest of the child," and, second, there has been a "substantial change of circumstances since the entry of the last order affecting legal custody . . .." Section 767.325(1)(b)1.a. and b., Stats. When modification is sought after two years, a rebuttable presumption exists that "[c]ontinuing the current

distinguish between legal custody, sole legal custody, joint legal custody and physical placement. "Legal custody" is the right to make major decisions concerning the child, except with respect to decisions specified in the order or judgment. Section 767.001(2) Stats. "Sole legal custody" is the condition under which one party has legal custody. Section 767.001(6), Stats. "Joint legal custody" is the condition under which both parties share legal custody and neither party's legal custody rights are superior, except with respect to decisions specified in the judgment or order. Section 767.001(1), Stats. "Physical placement" is the right of a party to have a child physically placed with that party and the right and responsibility to make, during that placement, routine daily decisions regarding the child's care, consistent with major decisions made by a person having legal custody. Section 767.001(5), Stats.

[3]Section 46, 1987 Wis. Act 355, effective May 3, 1988.

allocation of decision making under a legal custody order is in the best interest of the child," and "[c]ontinuing the child's physical placement with the parent with whom the child resides for the greater period of time is in the best interest of the child." Section 767.325(1)(b)2.a. and b., Stats.

In 1990, Nicholas sought modification of the 1986 custody order which had awarded sole custody to Cheryl. He relied on the post-two year provisions in sec. 767.325(1)(b), Stats. He proposed that the parties have joint legal custody of their children. Cheryl did not consent to the change. Following a hearing, the court found that no facts had been presented which would preclude an initial order of joint legal custody under the current law, sec. 767.24(2)(b), Stats.[4] The court concluded, however, that under current law custody cannot be modified after the two years elapses since the initial order unless the non-custodial parent shows a substantial change in circumstances.[5] The court concluded that it could not find that such a change has occurred since the entry of the initial order. The court therefore denied the motion

---

[4]The court found that the parties are good parents and active in their children's lives. They work well together to promote cooperation, love, affection and respect, and their current physical placement arrangement is working well. The parties stipulated that Nicholas is a good, affectionate and dutiful father and regularly exercises his visitation. The parties have been able consistently to work out schedule modifications to the best interests of the children. Nicholas does not contend that those facts differ substantially from the facts at the time of the divorce.

[5]The court added that this requires a showing, in effect, that the custodial parent has performed a derogatory or negative act harmful to the best interests of the children, or that the non-custodial parent is a far superior parent. We do not decide whether those considerations are exclusive.

for joint legal custody, without finding whether modification is in the best interest of the children.

Our review of a decision on a motion to modify custody is limited to whether the trial court abused its discretion. *Krause v. Krause,* 58 Wis. 2d 499, 508, 206 N.W.2d 589, 594 (1973). We must sustain the decision if the court exercised its discretion on the basis of facts of record, employed a logical rationale and committed no error of law. *Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20 (1981). The question in this appeal is whether the court erroneously construed the custody modification statute, sec. 767.325, Stats. We conclude the court did not err.

Whether Nicholas correctly views sec. 767.325, Stats., as having been created to lower the standard required for custody modifications is immaterial to his appeal. He has not established a factual basis for the "substantial change of circumstances" that sub. (1)(b)1. requires for modification of a custody order after two years has passed since the initial order. The 1988 amendments to the custody statutes are not, in and of themselves, a substantial change of circumstances. The term "substantial change of circumstances" is well known in family law. It focuses on the facts. It compares the facts then and now. It requires that the facts on which the prior order was based differ from the present facts, and the difference is enough to justify the court's considering whether to modify the order. *Delchambre v. Delchambre,* 86 Wis. 2d 538, 539, 273 N.W.2d 301, 302 (1979). For example, maintenance payments may be modified only upon a showing of a substantial change in the financial circumstances of the parties. *Eckert v. Eckert,* 144 Wis. 2d 770, 774, 424 N.W.2d 759, 761 (Ct. App.

1988). Child support may be modified only upon a finding of substantial or material change in the circumstances of the parties or the children. *Abitz v. Abitz,* 155 Wis. 2d 161, 174, 455 N.W.2d 609, 614 (1990).

Part of the present modification statute itself, sec. 767.325(1)(b)3., Stats., recognizes that a substantial change of circumstances must have a factual basis. It provides that a "change in the economic circumstances or marital status of either party is not sufficient to meet the standards for modification under subd. 1."

Nicholas also asserts he is entitled to joint legal custody by way of the presumption favoring it. The claimed presumption does not exist. Neither sec. 767.24, Stats., governing an initial custody order, nor sec. 767.325, Stats., relating to modification of a custody order, contains a presumption favoring joint legal custody.

Nicholas argues that a presumption favoring joint legal custody exists because section one of 1987 Assembly Bill 205, which ultimately resulted in 1987 Wis. Act 355, declared that it is in the "best interest of a minor child to have frequent associations and a continuing relationship with both parents." However, those associations and that relationship do not depend on whether joint legal custody is granted. "Custody," whether sole or joint, pertains to the power to make major decisions concerning the child. Physical placement is an associational right and the right to make routine daily decisions. Section 767.001(5), Stats.

However, the present modification statute is inconsistent with a presumption favoring joint legal custody, since it favors continuing the status quo regardless of

whether the initial order created joint legal custody. The statutory presumption is that "[c]ontinuing the current allocation of decision making under a legal custody order is in the best interest of the child" and "[c]ontinuing the child's physical placement with the parent with whom the child resides for the greater period of time is in the best interest of the child." Section 767.325(1)(b)2.a. and b., Stats.

During the oral argument, the trial court said it was not convinced that the decision-making process was working to the "optimum benefit" of the children of the parties. Nicholas contends that this constitutes a finding that the current allocation of decision-making was not working in the best interests of the children. Whatever the exact meaning of the court's comment, the court did not repeat it when orally making its findings of fact.

In any event, a custody modification after the two-year period cannot be ordered unless the trial court finds that two conditions exist: modification is in the best interest of the child *and* a substantial change in circumstances. Section 767.325(1)(b)1.a. and b., Stats. A finding regarding the best interests was unnecessary since no substantial change of circumstances had occurred.

We conclude that the trial court did not abuse its discretion. We therefore affirm the order denying the motion to modify custody.

*By the Court.*—Order affirmed.