IN RE the MARRIAGE OF:

Sandra K. BEAUPRE, Petitioner-Appellant,

v.

Eric G. AIRRIESS, Respondent-Respondent.

Court of Appeals

*No. 96–0336. Submitted on briefs November 12, 1996.—Decided January 9, 1997.*

(Also reported in 560 N.W.2d 285.)

For the petitioner-appellant the cause was submitted on the briefs of *Karen D. Julian* of *Julian, Musial & Friedrich* of Madison.

For the respondent-respondent the cause was submitted on the brief of *Eric Airriess, pro se* of Madison.

Before Eich, C.J., Vergeront and Deininger, JJ.

DEININGER, J. Sandra Beaupre appeals an order granting her ex-husband's motion for a reduction in child support. The issues are: (1) whether an amendment to the administrative code constitutes a "substantial change in circumstances" justifying a modification of child support under § 767.32(1)(a), STATS.; and (2) whether the trial court properly denied Beaupre's requests for frivolous costs and attorney fees and for a contribution by Airriess to her costs and fees in the circuit court and on appeal.

We conclude that a change in an administrative regulation alone does not constitute a substantial change in circumstances allowing modification of child support. Further, we reject Beaupre's request for frivolous costs and attorney fees and for a contribution to her costs and trial attorney fees, but we conclude that Beaupre may be entitled to a contribution to her costs and attorney fees for this appeal. Accordingly, we

241

reverse the order and remand for a determination whether Beaupre is entitled to a contribution to her appellate costs and attorney fees.

## BACKGROUND

Sandra Beaupre and Eric Airriess were divorced on January 30, 1995. Beaupre was given primary placement of the parties' children. Airriess received placement of the children for one night a week, alternate weekends, and some holidays and school vacations. The parties stipulated that Airriess would pay child support in the amount of 25% of his gross income, in accordance with WIS. ADM. CODE § HSS 80.03 guidelines for two children. The stipulation was incorporated into the judgment of divorce.

Six weeks after the judgment was entered, Airriess filed a motion to decrease his child support obligation pursuant to WIS. ADM. CODE § HSS 80.04(2).[1] This rule, newly revised since the judgment of divorce, sets guidelines for determining child support for shared-time payers. Airriess did not allege any change in the parties' financial circumstances or the financial needs of the children.

Beaupre filed a motion to dismiss and requested attorney fees and costs under the frivolous action statute, § 814.025, STATS., and later filed a motion for costs and attorney fees on appeal under § 767.39,

[1] Under WIS. ADM. CODE § HSS 80.04(2), effective March 1, 1995, the trial court may reduce child support from the percentage support guidelines where a parent provides overnight care in excess of a specified threshold number of overnights, and, pursuant to WIS. ADM. CODE § HSS 80.02(25), assumes all variable child care costs in proportion to the number of days he or she cares for the child under the shared-time arrangement.

STATS. The trial court granted Airriess' motion to reduce child support, finding "that there has been a substantial change in circumstances by the adoption of revised Statute HSS80" and, applying WIS. ADM. CODE § HSS 80.04(2), reduced Airriess' child support obligation by $104 per month. The court denied Beaupre's motions for frivolous costs and fees and for a contribution to her appellate costs and fees. The court also denied a contribution to costs and trial attorney fees to either party.

## ANALYSIS

### Substantial Change in Circumstances

██

Modification of the amount of child support is committed to the sound discretion of the trial court. *Burger v. Burger*, 144 Wis. 2d 514, 523, 424 N.W.2d R 691, 695 (1988). We will not reverse a trial court's discretionary ruling where the trial court arrives at a conclusion that is one a reasonable judge could reach and consistent with applicable law. *Burkes v. Hales*, 165 Wis. 2d 585, 590, 478 N.W.2d 37, 39 (Ct. App. 1991). However, if the discretionary determination rests upon an error of law, the decision is beyond the limits of the trial court's discretion. *State v. Wyss*, 124 Wis. 2d 681, 734, 370 N.W.2d 745, 770 (1985).

██

Under § 767.32(1)(a), STATS., a judgment providing for child support may be revised "only upon a finding of a substantial change in circumstances." The statute lists four factors which may constitute a substantial change in circumstances: (1) a change in the payer's income, where the amount of child support is not expressed as a percentage of income; (2) a change in the

child's needs; (3) a change in the payer's earning capacity; or (4) any other factor the court deems relevant. Section 767.32(1)(c). Beaupre argues that an individual seeking to modify support must show a change in the factual circumstances of the parties, not simply an administrative rule change, before child support may be modified.[2] We agree.[3]

Judgment provisions regarding child custody and support are not subject to traditional principles of claim preclusion and may be altered even after a final judgment. *See* §§ 767.32 & 767.325, STATS.; *Thies v. MacDonald*, 51 Wis. 2d 296, 301-02, 187 N.W.2d 186, 189 (1971). However, Wisconsin courts have long held that judgments of custody and support based on a certain state of facts should be given the effect of claim preclusion as long as the state of facts has not materially changed. *Severson v. Severson*, 71 Wis. 2d 382, 386, 238 N.W.2d 116, 119-20 (1976).

The supreme court outlined the factors a trial court is to consider when determining whether child

---

[2] On page 9 of her brief, Beaupre cites an unpublished opinion of this court in support of her argument, in violation of § 809.23(3), STATS. We have not considered and do not rely upon that opinion. Further, we caution counsel that violations of § 809.23(3) may result in the imposition of sanctions under § 809.83(2), STATS. *See Tamminen v. Aetna Cas. & Sur. Co.*, 109 Wis. 2d 536, 563-64, 327 N.W.2d 55, 67-68 (1982).

[3] Beaupre also argues that even if we were to determine that the code change constitutes a substantial change in circumstances, Airriess did not meet the definition of "shared-time payer" under WIS. ADM. CODE § HSS 80.02(25), because he did not bear variable child care costs in proportion to the children's overnights with him. Given our conclusion on her first argument, we do not reach her second.

support should be modified in *Miller v. Miller*, 67 Wis. 2d 435, 442-43, 227 N.W.2d 626, 630 (1975):

> An increase in support payments will be granted only where the party seeking such increase demonstrates that there has been a substantial or material change in the circumstances upon which the existing payments were predicated, and that such an increase is justified. The aging of the children, the increased cost of living, the ability of the noncustodial parent to pay, the marital status of the parents, and the financial status of the parents and their spouses, are among the relevant factors to be considered in determining whether a material change in the circumstances has occurred.

(Footnotes omitted.)

The Wisconsin Supreme Court has further explained that "the court's power to modify is not the power to grant a new trial or to retry the issues determined in the original judgment, but 'only to adapt the decree to some distinct and definite change in the financial circumstances of the parties or children.' " *Severson*, 71 Wis. 2d at 387, 238 N.W.2d at 120 (quoting *Thies*, 51 Wis. 2d at 302, 187 N.W.2d at 189).

The statute governing modifications to child custody orders similarly provides that a trial court may not alter a custody order unless "[t]here has been a substantial change of circumstances" of the parties. *See* § 767.325, STATS. In *Licary v. Licary*, 168 Wis. 2d 686, 484 N.W.2d 371 (Ct. App. 1992), we held that an amendment to the statute governing determinations of child custody, § 767.24(2)(b), STATS., which altered the circumstances under which the trial court may grant joint custody, did not constitute a "substantial change of circumstances" justifying a modification of the custody order. There we stated:

> The term "substantial change of circumstances" is well known in family law. It focuses on the facts. It compares the facts then and now. It requires that the facts on which the prior order was based differ from the present facts, and the difference is enough to justify the court's considering whether to modify the order.

*Id.* at 692, 484 N.W.2d at 374.

The sole ground for the trial court's modification of support was the amendment to WIS. ADM. CODE § HSS 80.04(2). Airriess does not contend that the facts on which the prior order was based differ from present facts. He refers us to no evidence showing that either his or Beaupre's financial circumstances, or the needs of the children, are substantially different from what they were at the time the judgment of divorce was entered.

Airriess cites two cases which he contends allow a trial court to modify child support based on a statutory revision. In *Schmitz v. Schmitz*, 70 Wis. 2d 882, 236 N.W.2d 657 (1975), the payee parent moved to have the payer held in contempt when he failed to make child support payments once the children reached eighteen. The Wisconsin Supreme Court held that the statute decreasing the age of majority from twenty-one to eighteen took away the "family court['s] . . . inherent power . . . to order child support in favor of eighteen-year-old adults." The supreme court affirmed the trial court's order allowing the payer to cease payments once the children reached age eighteen, despite an earlier order requiring payments until the children reached twenty-one. *Id.* at 890, 236 N.W.2d at 662.

In *Behnke v. Behnke*, 103 Wis. 2d 449, 309 N.W.2d 21 (Ct. App. 1981), we held that the newly enacted § 767.25(4), STATS., which empowered circuit courts to

246

extend child support until the age of nineteen for a child still in high school, could be applied to modify support even where the original support order predated the statute. *Id.* at 454, 309 N.W.2d at 23. We did not require the moving party to show a substantial change in factual circumstances. However, the law enacting § 767.25(4) specifically provided for the application of the statute to motions to modify support where the original support order predated the statute. Laws of 1979, ch. 196, § 49; *Behnke*, 103 Wis. 2d at 451, 309 N.W.2d at 22.[4]

Neither case is inconsistent with our holding here. *Schmitz* and *Behnke* stand for the proposition that where the legislature has either taken away or extended the circuit court's jurisdiction to order or modify support, a trial court may modify support consistent with its new jurisdiction without requiring a party to first show a change in the factual circumstances of the parties. Here, however, WIS. ADM. CODE § HSS 80.04(2) does not affect the jurisdiction of the circuit court to order support; rather, it revises the

---

[4] Airriess also cites *Bliwas v. Bliwas*, 47 Wis. 2d 635, 178 N.W.2d 35 (1970), and *Poehnelt v. Poehnelt*, 94 Wis. 2d 640, 289 N.W.2d 296 (1980), in support of his argument. Neither case supports his contention that the trial court need not find a substantial change in the factual circumstances of the parties before modifying support. In *Bliwas*, the supreme court held that equitable estoppel may, in some cases, justify extending support past the age of majority. *Bliwas*, 47 Wis. 2d at 640-41, 178 N.W.2d at 37-38. In *Poehnelt*, the supreme court held that the trial court's extension of support beyond the age of majority, in absence of the elements of equitable estoppel, was "extra judicial and a nullity." *Poehnelt*, 94 Wis. 2d at 655, 289 N.W.2d at 303.

method by which the circuit court may determine the amount of child support in certain situations.

Airriess also argues that WIS. ADM. CODE § HSS 80.04(2) should be applied "retrospectively" to the judgment of divorce. Beaupre concedes "that *if* there were a substantial change in the factual circumstances of either of the parties or the children, the newly amended HSS 80, Wis. Admin. Code, would apply." (Emphasis in original.) The retroactivity of WIS. ADM. CODE § HSS 80.04(2) is thus not in dispute. The issue in this appeal is whether the March 1, 1995, revisions to the code, standing alone, constitute a substantial change in circumstances allowing a trial court to reopen the child support provisions of a divorce judgment.

█

We conclude that the trial court erred by finding that an alteration in the administrative code constituted a "substantial change in circumstances." We therefore reverse the order of November 3, 1995, which reduced Airriess' child support obligation by $104 per month.[5]

## Attorney Fees

The trial court denied Beaupre's motions for costs and attorney fees for the filing of a frivolous action

---

[5] Airriess also argues that the trial court's adherence to the percentage support guidelines is unfair to him and requests that we remand his request for a deviation from the standards to the trial court. Given our conclusion that no support modification was appropriate, we do not address the amount of the trial court's modification. Furthermore, Airriess has failed to cross-appeal this issue and thus it is not properly before us. *See Edlin v. Soderstrom*, 83 Wis. 2d 58, 66, 264 N.W.2d 275, 279 (1978).

under § 814.025, STATS., and for a contribution to her attorney fees and costs incurred on appeal of the support modification under § 767.39, STATS.[6] On appeal, Beaupre also argues that the trial court erred in denying her a contribution to trial counsel fees under § 767.262, STATS.[7]

■■■■■

Beaupre argues that Airriess' motion was frivolous because it had no reasonable basis in law and was not supported by a good faith argument for an extension, modification or reversal of existing law. *See* § 814.025(3)(b), STATS. What a reasonable party knew or should have known is a question of fact, and we will not overturn a trial court's finding of fact unless clearly erroneous. *In re Paternity of James A.O.*, 182 Wis. 2d 166, 184, 513 N.W.2d 410, 416-17 (Ct. App. 1994). Whether knowledge of the facts would then lead a reasonable party to conclude that an action is frivolous is a question of law. *Id.* We review a trial court's conclusions of law de novo. *See Anderson v. Milwaukee Ins.*, 161 Wis. 2d 766, 769, 468 N.W.2d 766, 768 (Ct. App. 1991).

---

[6] Section 767.39, STATS., allows a trial court to grant "suit money, counsel fees or disbursements" on appeal. Section 767.39(1) & (2).

[7] Section 767.262, STATS., states:

(1) The court, after considering the financial resources of both parties, may do the following:

(a) Order either party to pay a reasonable amount for the cost to the other party of maintaining or responding to an action affecting the family and for attorney fees to either party.

. . . .

(2) Any amount ordered under sub. (1) may include sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.

Beaupre herself acknowledges that *Licary v. Licary*, 168 Wis. 2d 686, 692, 484 N.W.2d 371, 374 (Ct. App. 1992), upon which we rely for our holding, involves "[an]other area[ ] of family law," child custody modification. We thus conclude that Airriess' arguments are not contrary to clearly controlling authority and do not "slide over the line that divides impermissibly frivolous arguments from those that are merely labored." *Guzikowski v. Kuehl*, 153 Wis. 2d 227, 237, 451 N.W.2d 145, 149 (Ct. App. 1989). While Airriess' arguments were unpersuasive, they were accompanied by appropriate citations and legal discussion. We cannot conclude that they were made without any reasonable basis in law or a good faith argument for an extension, modification or reversal of existing law. *See id.*

Next, Beaupre asks for a contribution to her costs and trial attorney fees under § 767.262, STATS. However, Beaupre did not specifically move the trial court for costs and attorney fees under § 767.262.[8] We

---

[8] In response to Airriess' motion to reduce child support, Beaupre filed a "Motion to Dismiss for Failure to State a Claim, and Request for *Attorney Fees and Costs Based Upon a Frivolous Action*." (Emphasis supplied.) The Assistant Family Court Commissioner who initially heard the motions found that Airriess "should have known that he had no reasonable basis to prevail on his Motion for a reduction in his child support obligation" and that "[i]t is not fair to [Beaupre] to have attorney fees and costs as a result of [Airriess'] Motion." She concluded Airriess' motion was frivolous and ordered him to "contribute the sum of five hundred dollars ($500) toward [Beaupre's] attorney fees and costs." Although Beaupre's counsel characterized the commissioner's action as a "contribution to fees" during de novo proceedings before the trial court, the record discloses no specific request by Beaupre to the court for

decline to review the issue. *See Borsellino v. Kole,* 168 Wis. 2d 611, 620, 484 N.W.2d 564, 568 (Ct. App. 1992).

Finally, Beaupre appeals the denial of her motion for costs and attorney fees for her appeal of the trial court's order modifying support under § 767.39, STATS. The trial court's determination of an attorney fee award under § 767.39 is discretionary. *See Bisone v. Bisone,* 165 Wis. 2d 114, 123-24, 477 N.W.2d 59, 62 (Ct. App. 1991). Proper exercise of discretion requires the trial court to consider the need of the requesting party, the ability of the other party to pay, the reasonableness of the fees and whether reasonable grounds exist to support a belief that the appeal will be successful. *See Greenwald v. Greenwald,* 154 Wis. 2d 767, 791, 454 N.W.2d 34, 43 (Ct. App. 1990); *Guzikowski,* 153 Wis. 2d at 235, 451 N.W.2d at 148-49.

Here, the trial court failed to show on the record that it considered any of the above factors, including the likelihood of success on appeal. Absent the required findings, we may independently review the record. *Kastelic v. Kastelic,* 119 Wis. 2d 280, 290, 350 N.W.2d 714, 719 (Ct. App. 1984). Given that Beaupre has prevailed on appeal, and that the appeal was necessary in order to maintain an amount of child support stipulated to by Airriess just six weeks prior to his motion, we believe that Beaupre may be entitled to costs and attorney fees under § 767.39, STATS.

an award of fees under § 767.262, STATS. Such a request may have been made in a brief or other written submission to the trial court, but none is included in the record. It is an appellant's duty to ensure that all items material to an appealed issue are included in the record. *State v. Smith,* 55 Wis. 2d 451, 459, 198 N.W.2d 588, 593 (1972).

251

Beaupre asks for a contribution of $3,000 towards her total estimated fees and costs on appeal of $5,000. Beaupre's request consists of an affidavit estimating her appellate fees, without any accompanying billing sheets or other evidence indicating hours spent or services performed by her attorney on this appeal. Airriess has not addressed Beaupre's request for fees on appeal. It is impossible, therefore, for us to determine the parties' respective need, ability to pay, or the reasonableness of the total estimated fee. *See Bloomer v. Bloomer*, 84 Wis. 2d 124, 138, 267 N.W.2d 235, 242 (1978). Therefore, we remand to the trial court for a determination of Airriess' responsibility, if any, to contribute to Beaupre's fees for this appeal.

*By the Court.*—Order reversed and cause remanded with directions.