IN RE the ATTORNEY FEES IN Xiaoxia YU v. Jiayou ZHANG:

Jiayou ZHANG, Appellant,

v.

Xiaoxia YU, Respondent.

Court of Appeals

*No. 00–3237. Submitted on briefs June 11, 2001.—Decided October 11, 2001.*

2001 WI App 267

(Also reported in 637 N.W.2d 754.)

914

917

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Jiayou Zhang*, pro se.

On behalf of the appellant-respondent, the cause was submitted on the brief of *Linda Roberson* and *Christine L. Taylor* of *Balisle & Roberson, S.C.* of Madison.

Before Vergeront, P.J., Roggensack and Lundsten, JJ.

¶ 1. ROGGENSACK, J. Jiayou Zhang appeals the circuit court's order requiring him to pay a contri-

bution to Xiaoxia Yu's attorney fees. Yu incurred the fees in Zhang's prior unsuccessful appeal, where we decided that all but one of the issues he raised were frivolous. Because we conclude that the circuit court had the authority and acted within its discretion by awarding a reasonable contribution to Yu's appellate attorney fees based on Zhang's continuing to engage in overtrial, we affirm.

## BACKGROUND

¶ 2. The circuit court divorced Yu and Zhang on July 15, 1996. In the divorce judgment the circuit court stated that Zhang had "committed acts of over trial . . . contributing to increased expenses for the guardian ad litem and [Yu's] legal fees . . . ." Zhang appealed and we affirmed.

¶ 3. In September 1996 and August 1997, Yu and Zhang were again before the court to resolve various motions for contempt, each party claiming that the other had failed to comply with various provisions of the divorce judgment. The conflict persisted into 1998, when Zhang twice moved for a reduction in maintenance. Yu countered with a motion to increase maintenance and to hold Zhang in contempt. The court commissioner ordered all pending motions consolidated for a December 1998 hearing.

¶ 4. Yu and Zhang filed extensive pre-hearing motions. Zhang sought: (1) a finding of contempt based on Yu's alleged false charges against him; (2) a finding of contempt based on Yu's alleged lies under oath; (3) a finding of contempt based on Yu's alleged failure to deliver certain school photos of the children; (4) a change from joint custody to sole legal custody; and (5) a $1,000 "family property payment" award from

Yu to Zhang. The family court commissioner described the state of the record at the time of the hearing as follows:

> Dr. Zhang's primary motion was a revision of maintenance . . . . His other motion . . . requested a court order on eight different issues. . . . Ms. Yu's motions were: (1) to increase maintenance; (2) to establish appropriate parameters for "substantial change in circumstances" to prevent respondent from filing continuous motions regarding reduction in maintenance; and (3) an order requiring respondent to notify petitioner of certain events which may occur in his life. . . .

¶ 5. After the hearing, the family court commissioner denied all of Zhang's motions, granted Yu's request for an increase in maintenance and found Zhang in contempt for failing to comply with the judgment as it relates to life insurance. In connection with the contempt finding, the court commissioner also ordered Zhang to pay $150 as a contribution toward Yu's fees.

¶ 6. In response to the court commissioner's decision, Zhang filed a demand for a trial *de novo,* by jury. The circuit court set a *de novo* hearing and denied the request for a jury trial, explaining that there is no right to a jury trial in connection with a family court matter. Zhang appealed the circuit court's denial of a jury trial, which appeal we dismissed because it was taken from a nonfinal order. *See* Wis. Stat. § 808.03(1) (1999–2000).[1]

¶ 7. After the *de novo* review, the circuit court made substantially the same decisions as had the family court commissioner, including an increase in maintenance and a finding of contempt against Zhang. The

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

circuit court took the additional step of assessing Zhang $350 as a contribution to Yu's attorney fees for what it characterized as Zhang's "relitigation" of two previously decided issues. The court also discussed the larger picture of the parties' litigation practices:

> This divorce action has given rise to almost constant litigation since the original judgment was entered . . . . In all, the most recent round of litigation raised 25 issues for the court to resolve. . . . This pattern of overlitigation existed and was commented upon by this court in [the judgment of divorce].

The circuit court's order included the following warning: "Any unjustified continuation of litigation hostilities or overlitigation will result in actual reasonable attorneys fees being assessed against the offending party."

¶ 8. Zhang immediately appealed. Yu's attorney responded to Zhang's appeal by filing a motion for fees with the circuit court. The motion invoked the circuit court's warning that further overlitigation would result in the assessment of fees, and it requested "that the Court order [Zhang] to pay actual reasonable attorneys fees incurred in responding to this most recent appeal." However, the record was forwarded to the court of appeals before the circuit court could hear Yu's motion.

¶ 9. Before this court, Yu pursued fees under Wis. Stat. § 809.25(3), arguing that the appeal was frivolous. We affirmed the circuit court's order in all respects, and we also concluded that:

> We cannot award fees under Wis. Stat. Rule 809.25(3)(a) unless "the entire appeal is frivolous." *See Manor Enterprises, Inc. v. Vivid, Inc.*, 228 Wis. 2d 382, 403, 596 N.W.2d 828 (Ct. App. 1999). Here, although the bulk of Zhang's appeal frivolously attempts

to challenge credibility determinations and other factual findings which were supported by Yu's testimony, we conclude that there is arguable merit to his claim that the maintenance award was inequitable. We therefore decline to award attorney fees, although we emphasize that nothing in this order should be taken to undermine the circuit court's authority to award attorney fees in the future on an issue-by-issue basis.

*Yu v. Zhang*, No. 99–1990, unpublished slip op. at ¶ 8 (Wis. Ct. App. Apr. 27, 2000) (per curiam).

¶ 10. Once the case file returned to the circuit court, Yu again moved for an award of fees relating to Zhang's appeal. After a full hearing, the circuit court granted Yu's motion, in part. The circuit court interpreted our statement, quoted above, that it retained authority "to award attorney fees in the future on an issue-by-issue basis" as a directive that it could consider a motion for fees relating to the appeal. The circuit court then concluded:

The overlitigation of this case by [Zhang] has been patent and criticized by this court at every turn. . . .

After warning both parties that "[a]ny unjustified continuation of litigation hostilities or overlitigation will result in actual reasonable attorneys fees being assessed against the offending party," [Zhang] nonetheless pursued an appeal, the bulk of which was later determined by the court of appeals to be frivolous. I now find that respondent has continued to engage in a pattern of overlitigation and frivolous appeals of issues he should have known were without arguable merit. I find that the award of reasonable attorneys fees incurred [in] connection with the issues frivolously appealed by respondent is necessary to reduce or eliminate future overlitigation between these parties, thereby finally separating their affairs and reducing the emotional and financial toll such litigation has had

922

upon petitioner. Respondent, however, should not be penalized from pursuing his legal rights on arguably meritorious claims. Therefore, I award petitioner 50% of her attorneys fees incurred in connection with respondent's appeal of this court's June 17, 1999 order.

Based on that reasoning, the circuit court ordered Zhang to pay Yu's attorney $3,054.75 – half of the itemized appellate fees. Zhang appeals, contending that a circuit court has no authority to award fees incurred in an appeal, due to overtrial.

## DISCUSSION

**Standard of Review.**

■

¶ 11. The initial question of whether a circuit court has the inherent authority to award fees for overtrial related to an appeal is a question of law that we review *de novo. See W.W.W. v. M.C.S.*, 185 Wis. 2d 468, 483, 518 N.W.2d 285, 289–90 (Ct. App. 1994). However, whether unreasonably excessive litigation occurred resulting in overtrial is a mixed question of fact and law. *See Ondrasek v. Ondrasek*, 126 Wis. 2d 469, 483–84, 377 N.W.2d 190, 196 (Ct. App. 1985). Whether excessive litigation occurred is a question of historic fact to be determined by the circuit court. We will not reverse that determination unless it is clearly erroneous. *See* Wis. Stat. § 805.17; *Reget v. Paige*, 2001 WI App 73, ¶ 11, 242 Wis. 2d 278, 288, 626 N.W.2d 302, 308. Whether the facts as found constitute unreasonably excessive litigation resulting in overtrial is a question of law. *See Randall v. Randall*, 2000 WI App 98, ¶¶ 24–25, 235 Wis. 2d 1, 20–21, 612 N.W.2d 737, 745.

¶ 12. When the circuit court determines that overtrial has occurred, the decision about whether to award a contribution to attorney fees is discretionary. *Johnson v. Johnson*, 199 Wis. 2d 367, 377, 545 N.W.2d 239, 243 (Ct. App. 1996). Accordingly, this court reviews both the decision to award fees and the determination of the reasonableness of the fees under the erroneous exercise of discretion standard. *Ondrasek*, 126 Wis. 2d at 483, 377 N.W.2d at 196; *see also Bisone v. Bisone*, 165 Wis. 2d 114, 123–24, 477 N.W.2d 59, 62 (Ct. App. 1991) (addressing statutory fee award).

## The Overtrial Doctrine.

¶ 13. Overtrial is a doctrine developed in family law cases that may be invoked when one party's unreasonable approach to litigation causes the other party to incur extra and unnecessary fees. *Ondrasek*, 126 Wis. 2d at 484, 377 N.W.2d at 196. It may also involve abuse of judicial resources through the unnecessary over-utilization of those resources. *Id.* A party's approach to litigation is unreasonable if it results in unnecessary proceedings or unnecessarily protracted proceedings, together with attendant preparation time. *Id.* at 483–84, 377 N.W.2d at 196. A circuit court may sanction a party who has engaged in overtrial by ordering that party to pay the opposing party's attorney fees. *Id.* at 483, 377 N.W.2d at 195–96. A sanction furthers two objectives, providing compensation to the overtrial victim for fees unnecessarily incurred, *Johnson*, 199 Wis. 2d at 377, 545 N.W.2d at 243, and deterring unnecessary use of judicial resources. *Ondrasek*, 126 Wis. 2d at 484, 377 N.W.2d at 196.

### 1. *Circuit court's inherent authority.*

¶ 14. Zhang contends that a circuit court's authority to sanction a party for overtrial is limited to awards of fees related to proceedings in the circuit court. We disagree. Courts have broad inherent powers to manage civil litigation. *See* Daniel J. Meador, *Inherent Judicial Authority in the Conduct of Civil Litigation,* 73 Tex. L. Rev. 1805 (1995). Courts must be able to effectively control the cases over which they have jurisdiction, both at the circuit court level and on appeal. *See* Robert J. Martineau, *Frivolous Appeals: The Uncertain Federal Response,* 1984 Duke L.J. 845. We have held that the power to award fees may arise from a circuit court's inherent authority to preserve the judicial system's effectiveness. *See Ondrasek,* 126 Wis. 2d at 484, 377 N.W.2d at 196. Additionally, we have held that a circuit court has inherent authority to enforce its own orders by constructing remedies that promote compliance, *W.W.W.,* 185 Wis. 2d at 485, 518 N.W.2d at 291, and sanctions may constitute such a remedy. However, when considering sanctions based on inherent authority, a court must assure that the due process guarantees of notice and an opportunity to be heard are observed. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766–67 (1980).

¶ 15. The first published Wisconsin case specifically mentioning the common law doctrine of overtrial is *Martin v. Martin,* 46 Wis. 2d 218, 174 N.W.2d 468 (1970), *overruled on other grounds, O'Connor v. O'Connor,* 48 Wis. 2d 535, 541, 180 N.W.2d 735, 739 (1970). In *Martin,* the circuit court ordered the defendant to pay the plaintiff $1500 for his conduct during circuit court proceedings and $800 for actions taken on

appeal. *Martin*, 46 Wis. 2d at 229, 174 N.W.2d at 474. The Wisconsin Supreme Court affirmed the award of fees based on the circuit court findings that one party had subjected the other party and the court to four needless days of trial and attendant preparation and that the defendant had taken a "dubious" appeal, which, although ultimately withdrawn, necessitated considerable preparation time. *Id.* at 228–29, 174 N.W.2d at 474. Although *Martin* involved an assessment of fees for actions taken at the appellate level, the precise question on review was whether the fees were excessive, not whether the circuit court had the authority to order the fees for the appeal. However, it is informative to note how the supreme court reasoned in regard to the entire award:

> It is obvious to us that the trial court was of the belief that the plaintiff-wife was put to a considerable portion of her attorney's fees liability because of the nature in which the defendant pursued the litigation. We believe that this element together with others was a fair basis for the fixing of the defendant's contribution to attorney's fees.

*Id.* at 229, 174 N.W.2d at 474. Furthermore, in *Beaupre v. Airriess*, 208 Wis. 2d 238, 251–52, 560 N.W.2d 285, 291 (Ct. App. 1997), we acknowledged that the circuit court has statutory authority to determine an amount of attorney fees to be awarded to a party for an appeal.[2] Therefore, the supreme court and the legislature have recognized that there are times when a contribution to fees for the appeal of a family law matter may be assessed by a circuit court.

---

[2] *Beaupre v. Airriess*, 208 Wis. 2d 238, 560 N.W.2d 285 (Ct. App. 1997), did not involve overtrial or attorney fees relating to such a theory.

¶ 16. Here, we concluded that all but one of the issues raised by Zhang on his previous appeal were frivolous, and Yu sought fees as a sanction for what she alleged was Zhang's overtrial of the appeal. As we have noted, the circuit court has inherent authority to manage civil litigation within its jurisdiction, to preserve the effectiveness of the judicial system and to enforce compliance with its orders fashioned to prevent overtrial. However, before a judicial determination on Yu's allegation of overtrial could be made, Zhang had a right to notice and an opportunity to be heard. *Roadway Express*, 447 U.S. at 767. We recognize that the circuit court is in the best position to conduct such a hearing. Therefore, we conclude that when we have issued an opinion stating that a significant portion of the issues appealed in a family law matter are frivolous, that provides a necessary factor for the circuit court to hold a hearing on an allegation of overtrial, if such a motion is presented to it. There the circuit court will make findings of fact and conclusions of law relative to the motion and exercise its discretion to sanction a party, if the circuit court concludes a sanction is warranted.

### 2. Exercise of circuit court discretion.

¶ 17. We will not reverse an award of fees for overtrial unless the circuit court erroneously exercised its discretion. *Ondrasek*, 126 Wis. 2d at 483, 377 N.W.2d at 196. Therefore, we review whether the court examined the relevant facts, applied the correct standard of law and came to a conclusion a reasonable court could reach. *Krebs v. Krebs*, 148 Wis. 2d 51, 55, 435 N.W.2d 240, 242 (1989).

¶ 18. The circuit court relied on two factors in making its award: (1) Zhang's documented pattern of overlitigation which we concluded continued on his previous appeal because "the bulk of Zhang's appeal frivolously attempts to challenge credibility determinations and other factual findings," and (2) the need to enforce its own order through the fee award, which was "necessary to reduce or eliminate future overlitigation between these parties."

¶ 19. The court's award of fees for overtrial is consistent with the policy underlying fee awards approved in prior appellate cases. Zhang's appeal of issues lacking arguable merit unnecessarily and unfairly added to the time and expense required for Yu's attorney to respond to his appeal. It also violated the circuit court's order and wasted appellate judicial resources. This court has no ability to control the number of cases it must hear, as most litigants have a statutory right to appeal. WIS. STAT. § 808.03(1). Its workload has grown much faster than the resources available to meet it. For example, between 1979, this court's first full year of appeals, and the end of 2000, it has had a 98% increase in its workload and only a 33% increase in appellate judicial positions to decide those cases.[3] Appealing frivolous issues unreasonably overlitigates the appeal and misuses the resources of this court.

¶ 20. Accordingly, we conclude that the circuit court examined the relevant facts, both in regard to the ongoing pattern of overtrial before it and our directive about the nature of the issues appealed; it applied the

---

[3] Published court statistics for 1979 show a docket of 2,792 cases pending, with twelve judges to decide them. In 2000, there were 5,531 cases pending, with sixteen judges to decide them.

correct legal standard; and it came to a conclusion a reasonable court could reach. Accordingly, it properly exercised its discretion when it awarded fees to Yu.

■

¶ 21. Zhang contends there is a statutory roadblock to the circuit court's ordering him to pay fees related to an appeal. He directs our attention to Wis. Stat. § 809.25(3) and to our own conclusion (in Case No. 99–1990) that we could not award fees under § 809.25(3). He also contends that if a circuit court is permitted to award fees for appeal on an overtrial theory in a case where the court of appeals denied a motion for fees under § 809.25(3), the circuit court would be effectively overruling the court of appeals. We disagree.

¶ 22. First, as discussed above, overtrial is a common law doctrine which arises from the court's inherent authority to manage the family law cases over which it has jurisdiction. Second, the circuit court found that by pursuing multiple issues on appeal that lacked arguable merit, Zhang had continued a pattern of overtrial in violation of the circuit court's order. Third, we conclude that affirming the order does not create an impermissible conflict with Wis. Stat. § 809.25(3). Section 809.25(3) addresses the entirety of the appeal. *Manor Enterprises*, 228 Wis. 2d at 402–03, 596 N.W.2d at 837. Here, the circuit court's award of fees was a carefully measured action directed only at the issues which violated its order. For example, in recognition of this court's conclusion that Zhang had identified one issue with arguable merit, the circuit court awarded Yu only half of the fees that it determined were otherwise reasonable expenditures for the appeal.

■ 23. Zhang also contends that the itemized statement of fees presented by Yu's attorney is "not dependable." A circuit court must make a determination about the reasonableness of the fees awarded in an overtrial situation. *Johnson*, 199 Wis. 2d at 377–78, 545 N.W.2d at 243. Here, the court determined that the claimed fees and expenses were "reasonable in amount for an appeal of this nature" and that "a concerted effort is apparent on the face of the bill to do the work necessary to respond to [Zhang's] appeal using lower-priced paralegals, clerks and other employees . . . ." Therefore, we conclude the circuit court properly exercised its discretion in determining the amount of fees it awarded.[4]

**Fees Related to this Appeal.**

■ 24. Both parties have argued that they are entitled to costs and fees related to *this* appeal. Yu argues that she should be awarded fees to compensate her for the cost of defending her right to fees under the circuit court's order. However, this case presented an issue of first impression, and although Zhang did not prevail, his appeal had arguable merit. Therefore, there is no need for the circuit court to conduct further proceedings regarding overtrial in this court.

## CONCLUSION

■ 25. Because we conclude that the circuit court had the authority and acted within its discretion by

---

[4] There is nothing unusual about a circuit court determining the reasonableness of attorney fees related to an appeal. Even where we assess fees under Wis. Stat. § 809.25(3) after concluding that an appeal is frivolous, we remand the case to the circuit court for a determination of fees.

awarding a reasonable contribution to Yu's appellate attorney fees based on Zhang's continuing to engage in overtrial, we affirm.

*By the Court.*—Order affirmed.