COURT OF APPEALS
DECISION
DATED AND FILED

January 24, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.        **2021AP2175**

Cir. Ct. No.  **2015FA143**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

IN RE THE MARRIAGE OF:

JAMES MICHAEL THOMPSON,

PETITIONER-RESPONDENT,

V.

LISA ANN THOMPSON,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Washington County: TODD K. MARTENS, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. In this postdivorce proceeding, Lisa Ann Thompson (Lisa) appeals from an order denying her motion for maintenance and requiring her to pay attorney fees to James Michael Thompson (James). For the reasons that follow, we affirm.

¶2 Lisa and James were married on February 6, 1998. After 19 years of marriage, they divorced on February 28, 2017. Their judgment of divorce included a marital settlement agreement (MSA).

¶3 The MSA addressed a pending personal injury claim that James had relating to a car accident he was in during the marriage. Lisa reserved the right to seek maintenance from any portion of a personal injury award meant to reimburse James for past loss of income/earnings. The MSA states in relevant part:

> The parties acknowledge that the petitioner has a pending personal injury claim relating to an automobile accident which occurred during the marriage on January [25], 2014. The parties expressly acknowledge that petitioner intends to assert a claim in such personal injury action for his past loss of income/earnings which accrued after that accident. Respondent reserves any and all interest she may have in connection with the hold-open of maintenance to seek an appropriate portion of the petitioner's potential recovery for such past income/earnings that accrued during the parties' marriage. The parties understand that respondent may seek a maintenance award in connection with any recovery for this specific damage item which may be obtained by the petitioner in connection with the pending litigation. The parties expressly understand and agree that any recovery in such pending personal injury action; particularly as it relates to recovery for this particular damage item, shall not form the basis for reopening property division and may only potentially constitute an alleged basis for the respondent to seek a maintenance award.

¶4 On April 22, 2019, James settled his personal injury claim for $3,250,000. Lisa subsequently moved for a maintenance award pursuant to the

MSA. The circuit court denied the motion, finding no evidence that any portion of the personal injury settlement was for past loss of income/earnings.

¶5 Lisa appealed the circuit court's decision. She later voluntarily dismissed that appeal.

¶6 Nine months later, on July 30, 2021, Lisa filed a new motion for maintenance. In it, she claimed to have evidence that a large portion of James' personal injury settlement was for past loss of income/earnings. The evidence was a combination of old material (i.e., an expert report on James' economic damages prepared in the personal injury case) and new material (i.e., an affidavit from one of the defense attorneys in the personal injury case).

¶7 The circuit court denied the motion without an evidentiary hearing. The court noted that it had addressed the issue of maintenance before. It found the motion "duplicative and redundant" with the earlier litigation. To the extent that the motion contained new material, the court found it was "of very little relevance" and "equivocal at best." As a result, the court required Lisa to pay James' attorney fees for having to defend against the motion. This appeal follows.

¶8 On appeal, Lisa first contends that the circuit court erred in denying her motion for maintenance without an evidentiary hearing. She submits that she provided sufficient evidence to show that she was entitled to maintenance under the MSA.

¶9 The determination of maintenance rests within the discretion of the circuit court. *LeMere v. LeMere*, 2003 WI 67, ¶13, 262 Wis. 2d 426, 663 N.W.2d 789. We will sustain a discretionary decision if the court examined the relevant facts, applied a proper standard of law, and using a demonstrated rational process,

reached a reasonable conclusion. *Id*. We generally look for reasons to sustain the court's discretionary decision. *See **Steiner v. Steiner***, 2004 WI App 169, ¶18, 276 Wis. 2d 290, 687 N.W.2d 740.

¶10 Here, we are satisfied that the circuit court properly exercised its discretion in denying Lisa's motion for maintenance without an evidentiary hearing. The court was very familiar with the case—having presided over both the divorce and first motion for maintenance. It was also familiar with Lisa's proffered evidence and explicitly referenced it in its ruling. Ultimately, the court was not persuaded that Lisa had demonstrated a reason to revisit its prior decision or hold an evidentiary hearing. This was a reasonable conclusion. The expert report that Lisa relied on to show past loss of income/earnings had a compilation of over eight million dollars in damages. The settlement was for less than half that amount. Furthermore, it was the position of defense counsel in the personal injury case that James "suffered no losses of any kind relating to his business[.]" Given these facts, it remained unclear what portion of the settlement, if any, was for past loss of income/earnings.

¶11 Lisa next contends that the circuit court erred in requiring her to pay James' attorney fees for having to defend against her motion. She disputes that such a sanction was warranted. Likewise, she challenges the amount of attorney fees ordered.[1]

---

[1] Relatedly, Lisa complains that the circuit court's income assignment to pay the attorney fees violated her constitutional right to due process. It does not appear that this complaint was preserved for appeal. In any event, the argument is insufficiently developed, and we need not address insufficiently developed arguments. *See **Barakat v. DHSS***, 191 Wis. 2d 769, 786, 530 N.W.2d 392 (Ct. App. 1995).

¶12     A circuit court has broad authority to award attorney fees in a family action based upon the overtrial doctrine. *See **Ondrasek v. Ondrasek***, 126 Wis. 2d 469, 484, 377 N.W.2d 190 (Ct. App. 1985).   Overtrial refers to a party's unreasonable approach to litigation that results in unnecessary proceedings or unnecessarily protracted proceedings, together with attendant preparation time. ***Zhang v. Yu***, 2001 WI App 267, ¶13, 248 Wis. 2d 913, 637 N.W.2d 754.

¶13     Whether excessive litigation occurred resulting in overtrial presents a mixed question of fact and law.  ***Id.***, ¶11.  Whether excessive litigation occurred is a question of historic fact, and the circuit court's findings on the matter will not be reversed unless they are clearly erroneous.  ***Id.***   Whether the found facts constitute unreasonably excessive litigation resulting in overtrial is a question of law. ***Id.***

¶14     In this case, the record supports the circuit court's implicit determination that Lisa had engaged in overtrial.  As noted above, Lisa had litigated a motion for maintenance once before.  By choosing to do so again with some of the same material previously rejected by the court, she was engaging in excessive litigation that was correctly described as "duplicative and redundant."

¶15     The record also supports the amount of attorney fees awarded. James' attorney submitted an affidavit regarding her hourly rate and fees incurred. The circuit court found the affidavit credible and the requested fees reasonable. The court's conclusions were based, in part, on its own observations, as it presided over the work done by James' attorney.  We perceive no erroneous exercise of

5

discretion in its decision. *See id.*, ¶17 (an appellate court will not reverse an award of fees for overtrial unless the circuit court erroneously exercised its discretion).[2]

    *By the Court.*—Order affirmed.

    This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2021-2022).

---

[2] To the extent we have not addressed an argument raised by Lisa on appeal, the argument is deemed rejected. *See State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).