IN RE the MARRIAGE OF: Mary Ann PETERS
(OATMAN), Petitioner-Respondent,

v.

Richard Herman PETERS, Jr., Appellant.

Court of Appeals

*No. 88-0306. Submitted on briefs May 20, 1988.—Decided
June 9, 1988.*

(Also reported in 427 N.W.2d 149.)

For the appellant the cause was submitted on the brief of *Mark W. Morrow,* of *Franzoi & Franzoi, S.C.,* of Waupaca.

For the petitioner-respondent the cause was submitted on the brief of *Scott D. Metz,* of *Bachman, Cummings & McIntyre, S.C.,* of Appleton.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, P.J.    Richard Peters appeals from an order modifying the tax exemption provisions in the judgment divorcing him from Mary Ann Peters. The issue is whether the trial court erred when it concluded that Richard's failure to exercise his visitation rights constituted a substantial change of circumstances justifying reassignment of the tax exemptions for the children from him to Mary Ann. Because the record contains no evidence regarding the financial consequences of Richard's failure to visit the children,

we hold that the trial court had no facts before it from which it could conclude that a substantial change had occurred. The trial court therefore abused its discretion when modifying the judgment and we reverse.

The 1984 judgment incorporated the provisions of the parties' stipulation to joint custody of the two children. Mary Ann was given physical custody subject to Richard's reasonable rights of visitation, he to pay $453.50 per month child support. We infer the parties stipulated to child support on the basis of the "Percentage of Income Standard for Setting Child Support Awards" promulgated on December 20, 1983 to the judiciary by the Secretary of the Department of Health and Social Services. As stipulated, the judgment provides that Richard may claim the children as dependents and exemptions for federal and state income tax purposes if he is current in his support payments.

In late 1987 Mary Ann sought an order increasing child support or allowing her to claim the tax exemptions. The trial court found, and it is undisputed, that when child support was set, it was anticipated that Richard would exercise reasonable visitation, but he has not done so in over two years. The court found that Richard "has not contributed to the support of the minor children other than through his child support payments." The court concluded that because it could not determine that there had been a substantial change in financial circumstances, it had no basis for increasing the level of support. The court also concluded that Richard's failure to exercise visitation constituted a substantial change of circumstances justifying a change in the award of dependency exemptions.

A provision in a divorce judgment awarding exemptions for the minor children of divorced persons is an aspect of child support. The right to claim the exemptions has an ascertainable financial impact. If the spouse obligated to pay child support possesses the right, the support that spouse pays is effectively reduced by the income tax saved through utilizing the exemptions. If the spouse receiving child support possesses the right, support is effectively increased by the tax saved through claiming the exemptions.

■

Whether support provisions should be modified is discretionary with the trial court, but may be ordered only if a substantial change of circumstances has occurred. *Poehnelt v. Poehnelt,* 94 Wis. 2d 640, 650, 289 N.W.2d 296, 301 (1980). The same rule should apply when it is proposed to modify provisions in a divorce judgment regarding tax exemptions.

■

The first step in a substantial change of circumstances analysis is a factual inquiry requiring "a determination of the parties' financial circumstances when the award was made and a determination of their present financial circumstances." *In re Marriage of Erath v. Erath,* 141 Wis. 2d 948, 953, 417 N.W.2d 407, 409 (Ct. App. 1987). If a change in financial circumstances has occurred, the second step is to determine whether, as a matter of law, the change is substantial. *Id.* at 956, 417 N.W.2d at 410. No evidence was offered regarding the financial impact of Richard's visitation, had it been exercised as anticipated. It is therefore impossible to decide the question of law: whether Richard's failure to exercise visitation has resulted in a substantial change of circumstances.

Mary Ann contends that a note to Wis. Adm. Code sec. HSS 80.02(24) justifies modification of the provisions regarding tax exemptions. Section HSS 80.02(24) defines "standard" or "percentage standard" as used in Wis. Adm. Code ch. HSS 80, entitled "Child Support Percentage of Income Standard." According to the note, "The standard is based on national studies of the percentage of income used to support a child or children with adjustment downward of those percentages to reflect costs incurred by the payer for visitation and to maintain health insurance for the child or children." However, the note fails to disclose the amount of the downward adjustment for visitation. The savings and costs resulting from visitation or its absence can vary considerably. The note contains insufficient facts for a court, without more, to conclude that a substantial change has occurred.

We hold that the trial court erred as a matter of law by holding that failure of the spouse obligated to pay child support to visit the children constitutes a substantial change of circumstances. The court therefore abused its discretion when it modified the judgment to transfer the award of tax exemptions for the children from Richard to Mary Ann.

*By the Court.*—Order reversed.