IN RE the MARRIAGE OF:

Terry J. BEAUDOIN, Petitioner,

STATE of Wisconsin, Respondent,

v.

James S. BEAUDOIN, Respondent-Appellant.

Court of Appeals

*No. 00–0825. Submitted on briefs December 4, 2000.—Decided January 17, 2001.*

2001 WI App 42

(Also reported in 625 N.W.2d 619.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Sharren B. Rose* of *Nelson & Schmeling* of Green Bay.

On behalf of the petitioner, the cause was submitted on the brief of *George Burnett* of *Liebmann, Conway, Olejniczak & Jerry, S.C.* of Green Bay.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. James Beaudoin appeals an order amending his divorce judgment that requires him to pay additional child support each month. James argues that the trial court erroneously concluded that his decreased exercise of physical placement rights was a substantial change in circumstances that would form the basis for modifying the amount of child support. James also argues that even if there was a substantial change in circumstances, the trial court erroneously exercised its discretion when it failed to consider several factors before increasing the amount of child support. We need not consider James' second argument because we conclude that there was no substantial change in circumstances and, accordingly, reverse the trial court's order.

¶ 2. James and Terry, parents of two minor children, divorced in September 1998. Pursuant to the terms of a marital settlement agreement, James was required to pay $410 each month in child support.[1] The parties were to share physical placement, although the placement schedule provided Terry with a greater number of days each year. It is undisputed that within several months of the divorce, Terry and James voluntarily changed the placement schedule so that the children did not have to move between the two parents as often as originally agreed. The parties did not formally amend the divorce judgment to reflect those changes. Instead, the parties spoke monthly and set

___

[1] The agreement provided that the child support would be $300 per month until the marital home was sold. After this occurred, child support was raised to $410. Terry seeks an increase from the $410 child support amount.

each month's schedule. Both parties kept track of their visits on calendars.

¶ 3. In the summer of 1999, Terry sought the assistance of the county child support office to increase the amount of James' monthly child support payments. The county filed a motion to modify the divorce judgment on Terry's behalf. The motion alleged that there had been a substantial change in circumstances because, although the divorce judgment provided that James was to have physical placement 46% of the time, for the first six months after the divorce he had placement only 31% of the time. James opposed the motion.

¶ 4. A hearing was held on December 6, 1999. There was uncontroverted testimony from the director of the county child support agency that in 1999, pursuant to the terms of the divorce judgment, James was to have 148 days of placement.[2] The trial court found that for the twelve-month period from December 1998 through November 1999, James had placement for 144 days. The court concluded, "Based on the change in the placement schedule, as evidenced by the testimony of the parties and [Terry's] calendar, the Court finds that there has been a substantial change in circumstances and that [James] has the ability to pay $679.00 per month." The court denied James' motion for reconsideration. James now appeals.

---

[2] The director testified that she applied the physical placement agreement to the calendar year 1999. She also indicated that the number of days for each party could vary slightly each year, depending on whether holidays fell on days of the week normally assigned to the other party.

¶ 5. Modification of the amount of child support is committed to the sound discretion of the trial court. *Beaupre v. Airriess*, 208 Wis. 2d 238, 243, 560 N.W.2d 285 (Ct. App. 1997). We will not reverse a trial court's discretionary ruling where the trial court arrives at a conclusion that is one a reasonable judge could reach and consistent with applicable law. *Id.* However, if the discretionary determination rests upon an error of law, the decision is beyond the limits of the trial court's discretion. *Id.*

¶ 6. Our supreme court outlined the factors a trial court is to consider when determining whether child support should be modified in *Miller v. Miller*, 67 Wis. 2d 435, 442–43, 227 N.W.2d 626 (1975) (footnotes omitted):

> An increase in support payments will be granted only where the party seeking such increase demonstrates that there has been a substantial or material change in the circumstances upon which the existing payments were predicated, and that such an increase is justified. The aging of the children, the increased cost of living, the ability of the noncustodial parent to pay, the marital status of the parents, and the financial status of the parents and their spouses, are among the relevant factors to be considered in determining whether a material change in the circumstances has occurred.

The court has further explained that the trial court's power to modify is not the power to grant a new trial or to re-try issues determined in the original judgment, but only to adapt the decree to some distinct and definite change in the financial circumstances of the

parties or children. *See Severson v. Severson*, 71 Wis. 2d 382, 387, 238 N.W.2d 116 (1976).

¶ 7. The statute governing modifications to child custody orders similarly provides that a judgment providing for child support may be revised "only upon a finding of a substantial change in circumstances." WIS. STAT. § 767.32(1)(a).[3] The statute lists four factors that may constitute a substantial change in circumstances: (1) a change in the payer's income, where the amount of child support is not expressed as a percentage of income; (2) a change in the child's needs; (3) a change in the payer's earning capacity; or (4) any other factor the court deems relevant. WIS. STAT. § 767.32(1)(c).

¶ 8. It is undisputed that the trial court based its conclusion that there was a substantial change in circumstances on WIS. STAT. § 767.32(1)(c)4. Furthermore, the trial court in its written decision explicitly stated that the change in the placement schedule was the substantial change in circumstances. Because Terry refers us to no evidence regarding the financial consequences of James' failure to take physical placement for four of his 148 allocated days, we reverse the trial court's order.

¶ 9. In *Peters v. Peters*, 145 Wis. 2d 490, 492, 427 N.W.2d 149 (Ct. App. 1988), this court addressed a case where a father chose not to exercise visitation rights for two years. We held that because the record contained no evidence regarding the financial consequences of the father's failure to visit the children, the trial court had no facts before it from which it could conclude that a substantial change had occurred. *See id.* The same reasoning applies in this case.

---

[3] All references to the Wisconsin Statutes are to the 1999–2000 version.

¶ 10. Terry has not alleged or provided any evidence that there has been a "distinct and definite change in the financial circumstances of the parties or children." *See Severson*, 71 Wis. 2d at 387. Accordingly, as a matter of law there is no evidence of a substantial change in circumstances and the trial court erroneously exercised its discretion when it modified the divorce judgment to increase James' child support payments. *See Peters*, 145 Wis. 2d at 494.

¶ 11. Terry argues that "two strong reasons support the trial court's conclusion that a substantial change in circumstances occurred": (1) James "did not originally honor the [physical placement] agreement that he made"; and (2) "administrative regulations promulgated by the Department of Workforce Development declare so."

¶ 12. First, Terry cites no authority other than WIS. STAT. § 767.32(1)(c)4 for the proposition that one party's failure to fully exercise physical placement rights is itself a substantial change in circumstances. Under Terry's reasoning, a party who fails to exercise physical placement for even a single day could be required to pay additional child support.[4] We reject this proposition. The change in amount of placement days does not, in and of itself, establish a substantial change in circumstances. *See Peters*, 145 Wis. 2d at 491–92.

¶ 13. Second, Terry argues there was a substantial change in circumstances because Wisconsin's

[4] Application of Terry's reasoning in this case would be especially troublesome because there is undisputed evidence that Terry and James agreed to orally amend their placement schedule to accommodate the children's needs.

administrative rules governing child support payments "declare so." We disagree. There is nothing in WIS. ADMIN. CODE § DWD 40 that addresses how a party can establish a substantial change in circumstances. Terry notes that WIS. ADMIN. CODE § DWD 40.04(2) differentiates between a parent who is with the child for 40% or less of the child's time from a parent who is with the child for 41% or more of the child's time. The fact that James' placement may have decreased from 41% to 40% does not itself establish the substantial change in circumstances required by WIS. STAT. § 767.32(1)(c)4. Only after Terry establishes a financial change in circumstances will the guidelines established in § DWD 40 be relevant.

¶ 14. Not only do the provisions of WIS. ADMIN. CODE § DWD 40 fail to establish a substantial change in circumstances, the fact that § DWD 40 became effective after the Beaudoins' divorce does not establish a substantial change in circumstances. *See Beaupre,* 208 Wis. 2d at 241 ("[A] change in an administrative regulation alone does not constitute a substantial change in circumstances allowing modification of child support."). In *Beaupre,* we held that an individual seeking to modify support must show a change in the factual circumstances of the parties, not simply an administrative rule change, before child support can be modified. *Id.* at 244. Because Terry has failed to establish a change in the financial circumstances of the parties, there was no basis to modify the divorce judgment.

*By the Court.*—Order reversed.