In re the Marriage of:

Jan Raz, Petitioner-Respondent-Cross-Appellant,

v.

Mary Brown, Respondent-Appellant-Cross-Respondent-Cross-Petitioner.

Supreme Court

*No. 01–2436. Submitted on briefs March 6, 2003.—Decided May 1, 2003.*

2003 WI 29

(Also reported in 660 N.W.2d 647.)

For the respondent-appellant-cross-respondent-cross-petitioner there were briefs by *Randolph E. House* and *Law Offices of Randolph House,* Mequon, and *Pamela M. Schmidt and Whyte Hirschboeck Dudek, S.C.,* Milwaukee.

For the petitioner-respondent-cross-appellant there was a brief by *Jan Raz,* pro se, Hales Corners.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of an unpublished opinion of the court of appeals. Our review is limited to that part of the decision of the court of appeals that summarily

reversed orders of the circuit court for Milwaukee County, Michael Guolee, Judge, relating to child support obligations and physical placement of the children of Mary Brown and her former husband, Jan Raz.[1] The court of appeals summarily reversed part of the circuit court order as a sanction against the wife for failing to file a response brief to her former husband's cross-appeal. The issue in this case is whether the court of appeals erred when it sanctioned the wife by summarily reversing the order because of her failure to file a response brief in the court of appeals.

¶ 2. The wife argues that the sanction of summary reversal imposed by the court of appeals was harsh and drastic and therefore, under *State v. Smythe,* 225 Wis. 2d 456, 592 N.W.2d 628 (1999), may be imposed only after a finding of egregious conduct, bad faith, or an abandonment of the appeal. According to the wife, neither her conduct nor that of her attorneys meets these criteria. The husband responds that the wife's conduct and that of her attorney satisfy the *Smythe* standard and therefore summary reversal in his favor was an appropriate sanction.[2]

¶ 3. We hold that summary reversal is a drastic sanction and that the court of appeals may not impose this sanction without finding egregious conduct, bad faith, or a litigant's abandonment of the appeal. We therefore conclude that the court of appeals errone-

---

[1] *Raz v. Brown,* No. 01–2436, unpublished slip op. (Wis. Ct. App. July 16, 2002).

[2] The husband also argues that his cross-appeal was not meritless or repetitious. In addition, he devotes much of his response brief to arguing the unconstitutionality of the Wisconsin placement and child support statutes and invites this court to address this issue. We decline to do so. We denied his petition for review in our order of November 12, 2002.

618

ously exercised its discretion when it summarily reversed the order of the circuit court as a sanction against the wife without applying this standard of law. In addition, we conclude that the conduct of the wife and her counsel in the present case was not egregious, did not demonstrate bad faith, and did not amount to abandonment of the appeal.

¶ 4. Accordingly, that part of the decision of the court of appeals summarily reversing the circuit court orders on the issues raised in the husband's cross-appeal as a sanction is reversed and the case is remanded to the court of appeals for a determination of the merits of the issues raised in the cross-appeal.

¶ 5. The procedural facts of the case are undisputed. The parties were divorced in the Milwaukee County circuit court in December 1991. The judgment of divorce included a marital settlement agreement that divided custody between the parties, granting the wife primary placement, and requiring the husband to pay child support in the amount of $2,100 per month. On June 7, 1996, the circuit court modified the amount of child support at the husband's request, and the modification was upheld on appeal.[3]

¶ 6. The present case began on October 22, 1998, when the husband filed a request to modify child support and a motion for declaratory judgment seeking a declaration that Wisconsin's child support statutes were unconstitutional. The wife filed a counter-motion for modification of physical placement. The husband filed an additional motion asking the circuit court to find the wife in contempt for allegedly failing to partici-

---

[3] *See Raz v. Brown,* 213 Wis. 2d 296, 570 N.W.2d 605 (Ct. App. 1997).

pate in court-ordered family therapy and a counter-motion to modify physical placement.

¶ 7. Extensive hearings were conducted on the issues of child support and placement between September 1999 and April 2001. On November 11, 1999, before hearing further testimony on the issue of child support, the circuit court heard argument on the husband's motion challenging the constitutionality of Wisconsin's child support statutes. The circuit court ruled that the husband's constitutional claims were barred by the doctrine of claim preclusion. According to the circuit court, the husband could have fully raised these claims in his 1996 action, and because he did not, he was precluded from raising them in the present case.

¶ 8. In May 2001, the circuit court issued an order regarding physical placement and child support. The circuit court ordered physical placement of the children to be divided equally between the parties. The circuit court also vacated the existing child support order, requiring each parent to pay for the children's expenses while they were in his or her care. In addition, the circuit court found the wife in contempt for unilaterally interfering with the court's prior order to participate in therapy. The circuit court declined to assess attorney fees to either party.[4]

¶ 9. The wife appealed the circuit court's orders, challenging the modification of physical placement and child support and alleging error in finding her in contempt of court. The husband cross-appealed. He argued that Wisconsin's child support guidelines violate the Fourteenth Amendment of the U.S. Constitution, that the circuit court therefore erred by not considering

_____

[4] The wife filed a motion for reconsideration that was heard and denied on July 9, 2001.

his request for costs in bringing his underlying action, and that the circuit court erred by not retroactively modifying the existing child support order.

¶ 10. The wife filed a brief as appellant. The husband filed a combined response brief and cross-appellant's brief. In a letter dated March 27, 2002, the wife's counsel advised the court of appeals that the wife did not intend to file either a reply brief on the appeal or a response brief to the husband's cross-appeal.

¶ 11. The court of appeals issued an order dated April 2, 2002, directing the wife to file either a responsive brief in the cross-appeal or a brief letter stating that she had decided not to file the responsive brief with the understanding that any issues raised in the cross-appeal and not refuted may be construed by the court as conceded. The court of appeals' order reads, in relevant part, as follows:

> Before accepting [respondent's letter] in lieu of a responsive brief in the cross-appeal, this court must be assured that the cross-respondent has decided not to file a responsive brief with a full understanding of the possible consequences . . . Therefore, IT IS ORDERED that counsel for Brown shall, within ten days of the date of this order, either file a responsive brief in the cross-appeal or file a brief letter indicating that Brown has decided not to file a responsive brief with the complete understanding that any issues raised in the cross-appeal and not refuted as a result of not filing the responsive brief may be construed by this court as conceded.

¶ 12. The wife's counsel responded to this order by letter dated April 4, 2002, advising the court of appeals that the wife would not file a response brief because the husband's cross-appeal lacked merit. The April 4, 2002, letter stated as follows:

621

> Counsel for [the wife] has previously discussed with [the wife] the consequences of not filing a brief in response to that filed by [the husband]. Counsel for [the wife] and his client have discussed on several occasions the total lack of merit set forth in the [husband's] brief. It is also noted that the Attorney General's Office opted not to file a brief in response to the constitutional challenges raised in [the husband's] brief. Further, it is the opinion of [the wife's] counsel that assuming, for argument purposes, all of [the husband's] arguments were accepted by the court, they do not raise questions sufficient to challenge the constitutionality of the statutes. Also, it is [the wife's] position that should the court find the statutes unconstitutional, such a finding would require a retrial on all of the issues which are currently before the Court of Appeals with regard to the substantive aspects of the trial court's decision.

¶ 13. The court of appeals issued a decision on the merits affirming the circuit court with regard to the claims the wife raised on appeal. As to the claims raised by the husband on cross-appeal, the court of appeals summarily reversed the circuit court (without reaching the merits) "as a sanction" against the wife.[5] The court of appeals concluded that the wife violated the rules of appellate procedure by not filing a response brief within the time set forth in Wis. Stat. § (Rule) 809.19(3)(a) (1999–2000) and explained that it declined to do her work for her.[6] Consequently, the court of appeals summarily reversed the circuit court's order on the issues raised in the husband's cross-appeal.[7]

---

[5] *Raz v. Brown,* No. 01–2436, unpublished slip op. ¶ 41 (Wis. Ct. App. July 16, 2002).

[6] *Id.*

[7] The court of appeals remanded the cause to the circuit court to determine the costs the husband incurred as a result of litigating the alleged violation of the Fourteenth Amendment

■■■■■

¶ 14. A decision by the court of appeals to grant summary reversal as a sanction against a party who fails to file a brief by the date due involves an exercise of discretion.[8] This court does not normally review a discretionary decision of the court of appeals.[9] However, when we do review a discretionary act of the court of appeals, we review the decision as we would any other exercise of discretion.[10]

■■■■■

¶ 15. A discretionary decision will be upheld if the court being reviewed examined the relevant facts, applied a proper standard of law, and used a demonstrative rational process in reaching a decision that a reasonable judge could reach.[11] A discretionary decision will be reversed as an erroneous exercise of discretion if we conclude that the decision was based on an improper standard of law.[12]

and for a hearing to determine the amount of child support the husband is due from October 22, 1998, to June 7, 2001.

[8] *State v. Smythe,* 225 Wis. 2d 456, 462, 592 N.W.2d 628 (1999) (dismissing an appeal as a sanction for failure to file a brief is a discretionary act).

[9] *Id.*

[10] *Smythe,* 225 Wis. 2d at 462–63 ("If this court does review, we must review the court of appeals' decision as we would any other exercise of discretion.") (quoting *State v. Johnson,* 149 Wis. 2d 418, 429, 439 N.W.2d 122 (1989), *confirmed on reconsideration,* 153 Wis. 2d 121, 449 N.W.2d 845 (1989)).

[11] *Loy v. Bunderson,* 107 Wis. 2d 400, 414–15, 320 N.W.2d 175 (1982).

[12] *Smythe,* 225 Wis. 2d at 463.

¶ 16. Wisconsin Stat. § (Rule) 809.83(2) (1999–2000)[13] sets out several sanctions a court of appeals may impose in response to a litigant's failure to follow appellate rules of procedure. The sanctions include dismissal of the appeal, summary reversal, imposition of a penalty or costs on a party or counsel, or such other actions "the court considers appropriate." Section 809.83(2) reads as follows:

> 809.83(2). Noncompliance with rules. Failure of a person to comply with a requirement of these rules, other than the timely filing of a notice of appeal or cross-appeal, does not affect the jurisdiction of the court over the appeal but is grounds for dismissal of the appeal, summary reversal, striking of a paper, imposition of a penalty or costs on a party or counsel, or other action as the court considers appropriate.

¶ 17. In *State v. Smythe,* 225 Wis. 2d 456, 592 N.W.2d 628 (1999), this court recognized that some sanctions under Wis. Stat. § (Rule) 809.83(2) constitute more severe punishment than others. In particular, we concluded that "dismissal with prejudice is a drastic sanction."[14] Dismissal of an appeal represents an abrupt termination of litigation, and, like the dismissal of a complaint by a circuit court, "in many cases it imposes a finality to both issues and claims."[15] When an appellate court grants a dismissal, an appellant loses the right to a review on the merits; dismissal with prejudice is therefore reserved for extreme situations where there

---

[13] All subsequent references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

[14] *Smythe,* 225 Wis. 2d at 468.

[15] *Id.* at 469.

is compelling evidence of willful default.[16] Consequently, we held in *Smythe* that for the court of appeals to dismiss an appeal under the sanction provisions of § 809.83(2) there must be a showing that an appellant or an appellant's attorney has demonstrated bad faith or egregious conduct, or there must be a common sense finding that the appeal has been abandoned.[17]

¶ 18. We conclude that the *Smythe* standard is applicable here even though the present case involves a summary reversal as a sanction rather than a dismissal. Dismissal of an appeal results in an appellant losing and the respondent winning. Summary reversal results in an appellant (here the cross-appellant) winning and the respondent losing. In both a dismissal and a summary reversal, however, there is an abrupt termination of litigation and one party loses as a sanction without a consideration on the merits. Dismissal and summary reversal are therefore both drastic sanctions. Consequently, the court of appeals may not grant summary reversal of a circuit court order on appeal as a sanction without a finding of bad faith, egregious conduct, or a litigant's abandonment of the appeal.

¶ 19. The court of appeals in the present case did not apply the standard of law announced in *Smythe* when reaching its decision to sanction the wife, nor did it make a finding of bad faith, egregious conduct, or a litigant's abandonment of the appeal. The court of appeals granted summary reversal as a sanction because the wife did not file a brief within the time prescribed by Wis. Stat. § (Rule) 809.19(3)(a), and the

---

[16] *Id.* at 468 n.10.
[17] *Id.* at 469.

court declined to do the wife's work for her. The court of appeals explained simply that it is a "fast-paced, high-volume court" that cannot serve as "both an advocate and judge."[18] We thus conclude that the court of appeals' exercise of discretion was clearly erroneous.

¶ 20. Because the court of appeals did not apply the *Smythe* standard to the facts of this case, we now do so. This case turns on a paper record that we can review as well as the court of appeals.

¶ 21. The husband argues that the actions of the wife and her counsel meet the criteria for sanctions established in *Smythe*. According to the husband, the wife's decision not to file a response brief in the face of the court of appeals' April 2, 2002, order represents contempt for the order and a choice to be in default. In addition, the husband asserts that the wife's conduct throughout the history of this case, and that of her counsel, have been egregious and in bad faith as evidenced by her failure to respond to his overtures to resolve their issues without litigation and her repeated filing of motions for reconsideration and appeal. This conduct, the husband contends, would be sufficient to warrant the imposition of attorney fees under Wis. Stat. § 767.262(1)(a), which governs the award of attorney fees in actions affecting the family, or as a penalty under the overtrial doctrine.[19]

---

[18] *Raz v. Brown,* No. 01–2436, unpublished slip op., ¶ 41 (quoting *State v. Pettit,* 171 Wis. 2d 627, 674, 492 N.W.2d 633 (Ct. App. 1992)).

[19] The overtrial doctrine may be invoked in family law cases when, for example, one party's unreasonable approach to litigation causes the other party to incur extra and unnecessary fees. *Ondrasek v. Ondrasek,* 126 Wis. 2d 469, 484, 377 N.W.2d 190

¶ 22. The wife, in turn, argues that her decision not to file a response brief was not in bad faith, egregious conduct, or an abandonment of her appeal. The wife contends that neither Wis. Stat. § (Rule) 809.19(6) governing the timing of filing briefs nor the April 2 court order required her to file a response brief in the present case. Moreover, according to the wife, the husband's claims had been rejected by the court of appeals in a prior case between the two parties in 1997, and it was therefore reasonable to assume these claims would be rejected in the present case, making a response brief unnecessary.

¶ 23. We agree with the wife that her conduct and that of her counsel was not egregious, done in bad faith, or an abandonment of her appeal.

¶ 24. Instead of filing a response brief to the husband's cross-appeal, the wife sent a letter to the court of appeals within the time limit prescribed for filing her brief. The letter explained very simply that the wife would not be filing either a reply brief or a "responsive brief in the cross-appeal."

¶ 25. The court of appeals responded to this letter by issuing an "order" that neither required the wife to file a response brief nor threatened summary reversal for her failure to do so. The order explained that her failure to file a response brief *may* result in the court of appeals construing any issues raised in the cross-appeal as conceded. The order quoted *Charolais Breeding Ranches v. FPC Securities,* 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979), for the proposition that

(1985). A court may order the party who engaged in overtrial to pay the opposing party's attorney fees.

627

"respondents on appeal cannot complain if propositions of appellants are taken as confessed when they do not undertake to refute them."

¶ 26. The order then gave the wife a choice to be made "within ten days." She had to either "file a responsive brief in the cross-appeal or file a brief letter indicating that [she] has decided not to file a responsive brief." The wife's response fully complied with this order. Two days after the order was issued, she filed a letter (through her attorney) indicating that she was aware of the consequences of not filing a response brief and elected not to file one because the arguments in the cross-appeal lacked merit.

¶ 27. The wife's decision to file a letter instead of a response brief, therefore, cannot be considered egregious or conduct undertaken in bad faith. The wife fully and timely complied with the court's order and through the wife's letter the court of appeals was made aware of her position that the husband's constitutional claims lacked merit and should be rejected. Moreover, the wife cannot be said to have abandoned her appeal since she timely sent letters to the court in lieu of a response brief after the court of appeals expressly gave her the invitation to do so.

¶ 28. The present case should be compared with *State ex rel. Blackdeer v. Township of Levis,* 176 Wis.2d 252, 500 N.W.2d 339 (Ct. App. 1993). The *Blackdeer* case, like the present case, involved a summary reversal as a sanction for failure to file a response brief. Unlike the present case, however, the *Blackdeer* decision appropriately applied the sanction on a party that had abandoned its appeal.

¶ 29. In *Blackdeer,* the circuit court dismissed the plaintiff's complaint against the Town of Levis and the plaintiff appealed to the court of appeals. The Town, the respondent, failed to file a response brief in the court of appeals.

¶ 30. The Town's response brief was due on September 26, 1990, but was not filed. The court of appeals in *Blackdeer* sua sponte gave the Town several extensions of time to file its brief and ordered the Town to file a brief, warning that if no brief were filed it could result in summary reversal. The Town did not file a brief; it did not respond to the court of appeals' orders; it did not move to extend its briefing deadline.

¶ 31. On November 6, 1990, the court of appeals in *Blackdeer* summarily reversed the circuit court's order. The court of appeals dismissed the complaint against the Town of Levis as a sanction "solely on the basis of the [Town's] failure to file its brief and without regard to the merits of the appeal."[20]

¶ 32. As the *Smythe* case has interpreted Wis. Stat. § (Rule) 809.83(2), a common sense abandonment of an appeal provides sufficient reason for imposing the drastic sanction of summary reversal. In *Blackdeer,* the Town abandoned its position on appeal by not responding to numerous requests by the court of appeals to file a brief. In the present case, in contrast, the wife did not abandon her position opposing the appeal. The wife sent two letters to the court of appeals explaining her interest in proceeding with the appeal and her reasons for not filing a brief. One letter was sent to satisfy the rule prescribing the time for filing a brief. The other

---

[20] *State ex rel. Blackdeer v. Township of Levis,* 176 Wis.2d 252, 257–58, 500 N.W.2d 339 (Ct. App. 1993).

letter was sent in response to the order of the court of appeals, explaining why no further brief would be filed.

¶ 33. The husband's assertions that the wife and her counsel are guilty of egregious conduct and bad faith for actions committed at the circuit court level do not alter our conclusion. Assuming arguendo that his accusations are true, we are reviewing the court of appeals' sua sponte decision to summarily reverse a circuit court order as a sanction against a party for violating rules of *appellate procedure*, a decision made without reference to or regard for either party's conduct in the circuit court. Issues of egregious conduct or bad faith in the circuit court are not relevant in the present case relating to the court of appeals' imposing sanctions for conduct in the court of appeals.

¶ 34. The husband's claim that the sanction is appropriate under Wis. Stat. § 767.262(1), which governs attorney fees, also misses the mark. Section 767.262(1) authorizes a court to order one party in an action affecting the family to pay for the costs or attorney fees associated with maintaining or responding to the action.[21] It mentions nothing about summary reversal.

¶ 35. Similarly, the overtrial doctrine allows a party in a family law case to seek attorney fees when

---

[21] Wisconsin Stat. § 767.262(1) reads in pertinent part:

767.262. Award of attorney fees. (1) The court, after considering the financial resources of both parties, may do the following: (a) Order either party to pay a reasonable amount for the cost to the other party of maintaining or responding to an action affecting the family and for attorney fees to either party.

another party's unreasonable approach to litigation causes him to incur unnecessary fees.[22] The proper procedure is to bring a claim in the circuit court where the unreasonable litigation occurs and the proper remedy is attorney fees.[23] In the present case, the husband has not properly raised any such claim.

¶ 36. We appreciate that the Wisconsin Court of Appeals faces a heavy caseload and that it is entitled to wide latitude when enforcing procedural rules designed to make the appellate process more efficient. However, where the court of appeals elects to impose the drastic sanction of summary reversal for failure to file a response brief, it may do so only after unequivocally ordering the filing of a brief and clearly stating the consequences for failure to comply. Here, the wife apparently did not conclude that she would be sanctioned by a summary reversal based on the court of appeals' order. Nothing in this case should be read as prohibiting summary reversal as a sanction on different facts, should the court of appeals find egregious conduct, bad faith, or an abandonment of the appeal.

¶ 37. For the foregoing reasons, the decision of the court of appeals to summarily reverse the circuit court on the issues raised in the husband's cross-appeal is reversed and the case is remanded to the court of appeals for a determination on the merits of the issues raised on cross-appeal including award of costs, if any.[24]

---

[22] *In re Attorney's Fees in Yu v. Zhang,* 2001 WI App 267, ¶ 13, 248 Wis. 2d 913, 637 N.W.2d 754 (quoting *Ondrasek v. Ondrasek,* 126 Wis. 2d 469, 484, 377 N.W.2d 190 (1985)).

[23] *See, e.g., Johnson v. Johnson,* 199 Wis. 2d 367, 376–78, 545 N.W.2d 239 (Ct. App. 1996).

[24] The husband filed a Motion for Costs, Damages, and Additional Sanctions with this court on December 30, 2002. The

If a response brief is necessary to reach a determination on the merits, the court of appeals may order one to be filed.

*By the Court.*—The decision of the court of appeals is reversed and cause remanded.

motion seeks two things. First, it seeks the husband's costs, measured in terms of lost work hours, for preparing his petition for review, his response to the wife's petition for review, and his response brief in this case. According to the defendant, he was required to incur these costs as a result of the wife's "willful default and contempt of the Court of Appeals April 2, 2002 order." Second, the motion seeks sanctions against the wife's counsel for failing in his responsibility "to provide truthful statements of fact and law" despite being admonished by the court of appeals for misrepresenting the record on appeal.

The husband's motion was held in abeyance pending this decision and we now deny the husband's motion. For the reasons set forth in this opinion, we conclude that the wife fully and timely complied with the April 2 order of the court of appeals. Consequently, any resulting costs associated with proceedings in this court that the husband has incurred cannot be attributed to the wife's "willful default and contempt." Furthermore, we do not find that any statements made by wife's counsel in the present case constitute professional misconduct or otherwise warrant sanctions.