KESSLER, P.J.[1]
¶1 The City of Milwaukee appeals from an order of the circuit court dismissing its non-earnings garnishment action against Kevin Luckett and Paul Simmons, DBA Brother's II. Because neither Luckett nor Simmons have responded to multiple orders of this court to file a response brief, we summarily reverse the circuit court's order and remand for further proceedings consistent with this opinion.
BACKGROUND
¶2 On March 21, 2016, the City obtained a judgment against Luckett for building code violations at his property. In August of 2017, the City, through its attorneys at Kohn Law Firm, had a conversation with Luckett wherein he confirmed that he was renting his property to a business, New Brother's Lounge, DBA Brother's II, owned by Paul E. Simmons (collectively the "garnishee"). The City then filed a non-earnings garnishment complaint on November 27, 2017, naming the garnishee and Luckett (as debtor).
¶3 The City attempted to serve the garnishee on multiple occasions, but was unable to complete service. The City subsequently filed an amended non-earnings garnishment complaint on December 22, 2017, and successfully served the garnishee on January 4, 2018. The garnishee and Luckett failed to answer the amended complaint or appear at any subsequent hearings.
¶4 On January 25, 2018, the small claims court commissioner denied a request for default judgment against the garnishee. The City requested a de novo review by the circuit court. On February 26, 2018, the circuit court affirmed the court commissioner. The City appealed and neither Luckett nor the garnishee filed a response.
¶5 On September 6, 2018, this court issued an order requiring Luckett and the garnishee to either file a response or a motion to extend time. We cautioned that a failure to do so could result in a summary reversal. Neither party complied with the order. We issued another order on October 10, 2018, and a final order on November 16, 2018. Our November 16 order stated that "a responsive brief is necessary to the resolution of this appeal. The failure to file such a brief constitutes an abandonment of the appeal." Neither party has filed a response brief.
DISCUSSION
¶6 Under WIS. STAT. RULE 809.83(2), failure to comply with the rules of appellate procedure is grounds for summary reversal in the discretion of this court. Failure of the respondent to file a brief is a violation of WIS. STAT. RULE 809.19(3), which provides: "The respondent shall file a brief[.]"
¶7 Summary reversal is appropriate where a party "abandon[s] its position on appeal by not responding to numerous requests by the court of appeals to file a brief." Raz v. Brown , 2003 WI 29, ¶28-32, 260 Wis. 2d 614, 660 N.W.2d 647 (approving summary reversal on those grounds in State ex rel. Blackdeer v. Township of Levis , 176 Wis. 2d 252, 500 N.W.2d 339 (Ct. App. 1993) ); see also WIS. STAT. RULE 809.83(2). In this case, neither Luckett nor the garnishee have provided any arguments in response to any claim made in the brief filed by the City despite repeated orders of this court, which have included clear notice that summary reversal would result from silence.
¶8 We conclude that Luckett and the garnishee have abandoned the appeal and that summary reversal is appropriate. We decline to address the merits of this appeal because to do so would place us in the position of the parties' advocate. A judge of this court may not act as an advocate for a litigant. See Industrial Risk Insurers v. American Eng'g Testing, Inc. , 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82. Given the facts and legal authority presented to this court in the City's brief, it appears that the City's arguments may have merit under Wisconsin law. Accordingly we summarily reverse and remand the matter for further proceedings consistent with this opinion.
By the Court. -Order reversed and cause remanded.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.