COURT OF APPEALS
DECISION
DATED AND FILED

August 29, 2019

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP472**

Cir. Ct. No. **2018SC1089**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

---

MICHELLE L. MERKES,

   PLAINTIFF-RESPONDENT,

V.

KAREEN KUECKER,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Grant County: CRAIG R. DAY, Judge. *Affirmed*.

¶1    FITZPATRICK, J.[1]   In this small claims action, Kareen Kuecker, pro se, appeals a judgment of the circuit court ordering her to give possession of a motorcycle to her sister, Michelle Merkes, unless an agreement was reached by

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Kuecker and Michelle as to the purchase price of the motorcycle and that price was fully paid before a day specified in the judgment. I affirm.

¶2 A few facts are undisputed. Kuecker and Michelle's father, Robert Merkes, died in October 2018. At the time of his death, Robert owned a motorcycle. After Robert's death, Kuecker took possession of the motorcycle. At the time of trial, the funeral home bill for Robert's funeral had an outstanding balance of approximately $7,000, for which Michelle is liable. In December 2018, Michelle brought the present small claims action against Kuecker, seeking return of the motorcycle so that the motorcycle could be sold to pay the outstanding funeral home bill. The circuit court found that the motorcycle belonged to Robert's estate, and that ownership of the motorcycle had not been transferred to Michelle for consideration. The court ruled that either Kuecker needed to pay the fair value of the motorcycle, an amount that would go toward the unpaid funeral expenses for Robert that Michelle was financially liable for, or give possession of the motorcycle to Michelle.

¶3 The tenor of Kuecker's brief is that she wants to re-litigate, in this court, the case she lost in the circuit court. However, my review of the circuit court's decision is deferential.

¶4 Kuecker challenges, first, the circuit court's findings of facts. Pro se litigants are "bound by the same rules that apply to attorneys on appeal." *Waushara Cty. v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992). Yet, Kuecker's brief sets forth a litany of purported facts she relies on but fails to provide any citations to the record, as required by WIS. STAT. RULE 809.19(1)(d). Also, Kuecker gives me no reason to disturb the circuit court's findings. Findings of fact shall not be set aside unless those are clearly erroneous. WIS. STAT.

§ 805.17(2). Accordingly, Kuecker's attempt to challenge the circuit court's findings goes nowhere.

¶5 Kuecker also appears to dispute the circuit court's reasoning in ruling on the disputed issue. However, appellate courts overturn a circuit court's exercise of discretion in limited circumstances. *See State v. Wiskerchen*, 2019 WI 1, ¶37, 385 Wis. 2d 120, 921 N.W.2d 730. Kuecker's arguments regarding the circuit court's exercise of discretion are virtually incomprehensible. This court does not decide lightly that briefing is inadequate. However, Kuecker's legal arguments fall far below even the lenient standards this court applies to pro se appellants. Those are so lacking in organization and substance that, to decide the issues, I would have to develop those arguments for her. I decline to consider Kuecker's undeveloped arguments because to do so would require me to abandon my neutrality. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (appellate courts need not address undeveloped arguments); *State v. Gulrud*, 140 Wis. 2d 721, 730, 412 N.W.2d 139 (Ct. App. 1987) (an appellate court will not abandon its neutrality by making an appellant's arguments for him or her). For these reasons, I affirm the judgment of the circuit court.

¶6 For the foregoing reasons, the judgment of the circuit court is affirmed.[2]

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[2] Michelle has not filed a response brief as required by WIS. STAT. RULE 809.19(3). Failure to file a respondent's brief may be grounds for summary reversal. *See* WIS. STAT. RULE 809.83(2). Kuecker has not argued that Michelle's failure to file a response brief was in bad faith, that Michelle's conduct was egregious, or that Michelle has abandoned her right to challenge Michelle's appeal. *See* **Raz v. Brown**, 2003 WI 29, ¶¶18-19, 260 Wis. 2d 614, 660 N.W.2d 647 (dismissal as a sanction for failing to file a responsive brief requires a finding by the appellate court of bad faith, egregious conduct, or a litigant's abandonment of the appeal). Accordingly, my decision is not governed solely by the fact that Michelle did not file a brief in this court.