COURT OF APPEALS
DECISION
DATED AND FILED

September 24, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP233**

Cir. Ct. No. **2018SC39064**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

EARNEST E. CREECH,

PLAINTIFF-APPELLANT,

V.

ANITA MOORE,

DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Milwaukee County:  LAURA GRAMLING PEREZ, Judge.  *Reversed and cause remanded with directions*.

¶1      BRASH, P.J.[1]  Earnest E. Creech, *pro se*, appeals from a judgment entered by the trial court in resolution of his small claims case against Anita

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Moore.  Creech had filed the underlying action seeking the return of several items of personal property.  The trial court issued a judgment of replevin in favor of Creech for one of the items; Creech subsequently filed this appeal seeking the items that were not awarded to him.

¶2    Moore did not respond.  This court ordered her to do so, stating that a respondent's brief was necessary for the resolution of this appeal, and that her failure to file a respondent's brief would constitute her abandonment of this appeal.  We further informed Moore that her failure to file the brief could result in sanctions being imposed against her, including summary reversal of the trial court's decision that was in her favor, pursuant to WIS. STAT. RULE 809.83(2).  Still, Moore never filed a respondent's brief.

¶3    We conclude that Moore has abandoned this appeal.  Therefore, we exercise our discretionary power to impose the sanction of summary reversal of that portion of the trial court's decision in Moore's favor, pursuant to WIS. STAT. RULE 809.83(2).  Accordingly, we reverse and remand this matter to the trial court to enter a judgment of replevin for the remaining items of personal property that Creech was seeking to obtain from Moore.

**BACKGROUND**

¶4    The record before us on this matter is relatively sparse.  Creech filed a small claims complaint in November 2018, explaining that he had moved to Milwaukee after his wife passed away in October 2018.  While he searched for a place to live, he left several items at the home of Moore, his stepdaughter:  an urn containing his wife's ashes, his dog, and a seventy-inch television.  He alleged that after he found a home, he tried to get those items back from Moore, but she would not return them.

¶5      The trial court held a hearing on the matter on January 22, 2019. The court entered a judgment of replevin for the urn containing the ashes, but denied Creech's request for return of the dog and the television. We have no information regarding the court's reasoning for its decision, as a transcript of the hearing was not included with the record.[2]

¶6      Creech then filed this appeal.[3] Moore did not file a respondent's brief within the statutory time frame. This court ordered her on May 6, 2019, to either respond or file a request for an extension; Moore did not respond. This court then, on its own motion, granted Moore an extension of time to file her brief; Moore again did not respond.

¶7      Subsequently, this court issued an order on July 18, 2019, advising Moore that her response brief was necessary for the resolution of this appeal and that her failure to file such brief would constitute the abandonment of this appeal. We further informed Moore that, pursuant to WIS. STAT. RULE 809.83(2) and *Raz v. Brown*, 2003 WI 29, 260 Wis. 2d 614, 660 N.W.2d 647, her failure to file the brief could result in sanctions being levied against her, including the summary reversal of the portion of the trial court's decision that was in her favor. Still, Moore never filed a respondent's brief. We then advised the parties on August 22, 2019, that this matter was being submitted for a decision.

---

[2] The record contains a Statement on Transcript signed and filed by Creech on January 24, 2019, in which he stated that "[a]ll transcripts necessary for this appeal are already on file"; however, no transcript was included in the record.

[3] Creech had some difficulties in complying with the rules of appellate procedure with regard to the filing and format requirements for his brief. However, after corresponding with this court to resolve the problems, Creech ultimately submitted a brief that was accepted by this court.

**DISCUSSION**

¶8 The timely filing of a respondent's brief is required under the rules of appellate procedure. WIS. STAT. RULE 809.19(3). Failure to comply with the rules or with a court order "is grounds for dismissal, summary reversal … or other action as the court considers appropriate." WIS. STAT. RULE 809.83(2). Indeed, this court may grant summary reversal of a trial court's order as a sanction upon "a finding of bad faith, egregious conduct, or a litigant's abandonment of the appeal." *Raz*, 260 Wis. 2d 614, ¶18. In imposing such a sanction, we do not reach the merits of the appeal. *See State ex rel. Blackdeer v. Township of Levis*, 176 Wis. 2d 252, 258, 500 N.W.2d 339 (Ct. App. 1993).

¶9 We explained to Moore in our orders that a respondent's brief was required to resolve this appeal, and provided her with numerous opportunities— over the span of several months—to file that brief. We further informed her that her failure to comply could result in the imposition of sanctions, including the summary reversal of the judgment of the trial court that allowed for her to keep the dog and the television. Not only did Moore not respond to this court's orders, she never corresponded with this court at any time regarding this case. We therefore conclude that Moore has abandoned this appeal. *See Raz*, 260 Wis. 2d 614, ¶32.

¶10 "'Failure to file a respondent's brief tacitly concedes that the trial court erred.'" *See Blackdeer*, 176 Wis. 2d at 260 (citation omitted). As a result, "'[w]e may summarily reverse a judgment or order if the respondent fails to file a brief … and we usually do.'" *Id.* (citation omitted); *see also* WIS. STAT. RULE 809.83(2). Put another way, "a common sense abandonment of an appeal provides sufficient reason for imposing the drastic sanction of summary reversal." *Raz*, 260 Wis. 2d 614, ¶32.

4

¶11     We believe that summary reversal is an appropriate sanction for Moore's abandonment of this appeal. *See* WIS. STAT. RULE 809.83(2). We note that the missing transcript and the deficiencies of Creech's brief would render a review of this case on the merits extremely difficult; however, summary reversal as a sanction against Moore for abandoning this appeal does not require us to reach the merits. *See **Blackdeer***, 176 Wis. 2d at 258. Furthermore, we observe that Creech—a *pro se* litigant—made good faith efforts to comply with appellate procedures and correct problems with his submissions; on the contrary, Moore failed to acknowledge this appeal, even after being repeatedly ordered by this court to file a response. This lack of acknowledgement and noncompliance with orders of this court is "sufficient reason for imposing the drastic sanction of summary reversal." *See **Raz***, 260 Wis. 2d 614, ¶32.

¶12     Accordingly, we reverse and remand this matter to the trial court to enter a judgment of replevin for the dog and television in favor of Creech, and issue a writ of replevin for seizure of those items from Moore, with delivery of the same to Creech.

*By the Court.*—Judgment reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.