**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 29, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP2132-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2019CF151**

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

SANTIAGO B. RIOS,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Racine County:  FAYE M. FLANCHER, Judge.  *Order entered*.

¶1     GROGAN, J.  Santiago B. Rios appeals from a judgment entered on his no contest pleas to three misdemeanors:  (1) criminal trespass to dwelling; (2) criminal damage to property; and (3) disorderly conduct.  He also appeals from an order denying his postconviction motion seeking resentencing or sentence modification.  On appeal, he raises two claims:  (1) the circuit court erroneously

exercised its discretion because it failed to adequately consider his drug addiction in imposing sentence; and (2) the disruption to drug treatment programming caused by the COVID-19 pandemic constitutes a new factor warranting sentence modification.

¶2 WISCONSIN STAT. RULE 809.19 (2019-20)[1] requires a respondent to file a response brief. The Respondent in this case, the State of Wisconsin, has not done so. This court issued two orders reminding the Respondent of its obligation. On July 19, 2021, this court entered an order notifying the Respondent that its response brief was delinquent and *ordered* the Respondent to file its brief or seek an extension "within five days." The Respondent did neither. Subsequently, on August 10, 2021, this court entered a second order "that on or before August 25, 2021, the State shall file a respondent's brief which complies with the rules of appellate procedure." This order warned the Respondent that its failure to file a brief as required by the rules may result in the court assuming it "concedes the issues raised by the appellant" and result in this court summarily reversing the circuit court "provided we determine that the respondent has abandoned the appeal, acted egregiously or acted in bad faith."

¶3 The court has heard nothing from the Respondent. The court's orders have apparently been ignored. No response brief was filed and no correspondence was sent in response to the court's order. This court has made clear that it will not act as both advocate and judge by independently developing a litigant's argument. *State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

App. 1992); *Gardner v. Gardner*, 190 Wis. 2d 216, 239 n.3, 527 N.W.2d 701 (Ct. App. 1994). It is the *party's* obligation to give reasons to sustain its position, and if the party defaults in that obligation, it is not the court's function to assume its burden. *See Raz v. Brown*, 2003 WI 29, ¶36, 260 Wis. 2d 614, 660 N.W.2d 647. This court's review of the record persuades the court that a Respondent's brief in compliance with WIS. STAT. RULE 809.19 is necessary to decide this appeal.

¶4     Therefore, the court enters the following order:

> IT IS HEREBY ORDERED that the State of Wisconsin shall file a respondent's brief on this appeal that fully complies with WIS. STAT. RULE 809.19, and, in conformity with RULE 809.19(3)(a)1a, the brief shall be filed within thirty days of the issuance of this order. Rios will then have fifteen days to file a reply brief or a letter that he will not file a brief. *See* RULE 809.19(4).

> IT IS ALSO HEREBY ORDERED that if the State of Wisconsin does not file the brief required by the previous paragraph, such failure will be taken as an egregious act amounting to its abandonment of its right to contest Rios' appeal, and, accordingly, this court will summarily reverse the circuit court's postconviction order and remand the matter to the circuit court with directions to conduct a resentencing. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) ("Respondents on appeal cannot complain if propositions of appellants are taken as confessed which they do not undertake to refute." (citation omitted)).

> *By the Court.*—Order entered.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.