**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**April 24, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.      **2023AP1444-CR**

Cir. Ct. No.  2019CM828

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

PAUL R. NOBLE,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Waukesha County: PAUL F. REILLY, Reserve Judge. *Reversed and cause remanded*.

¶1 GROGAN, J.[1] Paul R. Noble appeals from a judgment requiring him to pay restitution.[2] He claims the circuit court erred in refusing to allow him to ask questions at the restitution hearing about the causal nexus between the read-in offenses and the restitution sought.[3] The State did not file a responsive brief. Based on the State's failure to file a responsive brief, this court reverses the judgment of the circuit court and remands the matter for further proceedings consistent with this opinion.

¶2 In April 2019, the State charged Noble with misuse of a GPS device contrary to WIS. STAT. § 940.315(1)(a) after he placed it on the victim's car without her consent. In a separate case, the State charged Noble with two counts of disorderly conduct contrary to WIS. STAT. § 947.01(1) and one count of battery contrary to WIS. STAT. § 940.19(1), all as incidents of domestic abuse contrary to WIS. STAT. § 968.075(1)(a) and all relating to an altercation that occurred in October 2018. Noble entered into a global plea bargain with the State to resolve both cases wherein he agreed to plead no contest to the GPS charge, and the charges in the other case would be dismissed but read in. The circuit court accepted his plea in February 2020.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Noble notes that this appeal does not involve the restitution he agreed to pay to the victim and is limited to the restitution the circuit court ordered him to pay to the Crime Victim Compensation Program (CVC). This court's reversal therefore affects only that part of the judgment ordering Noble to pay $40,000 in restitution to the CVC.

[3] Noble also asserts: (1) there was an insufficient factual basis for the restitution requested by the CVC; and (2) the restitution hearing was held more than two years after the conviction date and violated the deadline set forth in WIS. STAT. § 973.20(13)(c).

¶3      At the October 2020 sentencing hearing, the circuit court was told there were two restitution requests.  First, the victim was requesting $57,556.09, and second, the CVC was requesting $29,357.97.  The court, however, addressed only Noble's sentence at that time and indicated the restitution hearing would be scheduled for another time.  The court withheld sentence and placed Noble on probation for one year.  The court also scheduled the restitution hearing to take place in February 2021.

¶4      The restitution hearing did not take place, however, until November 15, 2021, and was continued on October 26, 2022.[4]   During the October 26th hearing, the circuit court ruled that Noble could not challenge the causal nexus associated with the read-in charges and the restitution claims, and it entered a written order to that effect on October 30, 2022.  Noble ultimately entered a stipulation as to restitution with respect to the victim and agreed to make payments totaling $59,000 in restitution to the victim.  The circuit court ordered Noble to also pay $40,000 in restitution to the CVC.  Noble appeals the restitution ordered to the CVC, claiming the circuit court erred in refusing to allow him to cross-examine the witnesses at the restitution hearing about the causal nexus for the restitution award associated with the read-in charges.

¶5      On January 23, 2024, the clerk of this court informed the State that its respondent's brief was delinquent.  That notice ordered the State to file a brief "within five days" and warned that if it failed to do so, the judgment "appealed from will be disposed of summarily and may be summarily reversed under

---

[4] The hearing was initially continued until October 13, 2022; however, that restitution hearing date was adjourned due to an attorney's unavailability.

RULE 809.83(2)." The State did not file a brief in response to the delinquency notice.

¶6 On February 7, 2024, this court issued an order giving the State a second opportunity to file a brief. That order warned that if the State failed to file a respondent's brief, this appeal would be submitted without it, and this court could exercise its "discretion and summarily reverse the circuit court provided we determine that the respondent has abandoned the appeal …. *Raz v. Brown*, 2003 WI 29, ¶18, 260 Wis. 2d 614, 660 N.W.2d 647; *see also State ex rel. Blackdeer v. Township of Levis*, 176 Wis. 2d 252, 259-60, 500 N.W.2d 339 (Ct. App. 1993) (summary reversal is appropriate sanction for respondent's violation of briefing requirements)." Despite these admonitions, the State has failed to file a respondent's brief.

¶7 This court has made clear that it will not act as both advocate and judge by independently developing a litigant's argument. *State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992); *Gardner v. Gardner*, 190 Wis. 2d 216, 239 n.3, 527 N.W.2d 701 (Ct. App. 1994). It is the *party's* obligation to give reasons to sustain its position, and if the party defaults in that obligation, it is not the court's function to assume its burden. *See Raz*, 260 Wis. 2d 614, ¶36.

¶8 This court declines to address the merits of the appeal under these circumstances and concludes only that the State has abandoned the appeal and that summary reversal is appropriate as a sanction. *See* WIS. STAT. RULE 809.83(2).[5]

---

[5] In failing to file a respondent's brief, the State is also deemed to have conceded that Noble's arguments are correct. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 108-09, 279 N.W.2d 493 (Ct. App. 1979).

Accordingly, the judgment of the circuit court is reversed, and the matter is remanded for further proceedings.

*By the Court.*—Judgment reversed and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.