**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**November 20, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1051**

**STATE OF WISCONSIN**

Cir. Ct. No. **2024SC510**

**IN COURT OF APPEALS**
**DISTRICT II**

MELIA PRANGE,

   PLAINTIFF-RESPONDENT,

 V.

MARKOLA WILLIAMS,

   DEFENDANT-APPELLANT,

JESSICA WILLIAMS,

   DEFENDANT-CO-APPELLANT.

---

APPEAL from orders of the circuit court for Manitowoc County: JEFFREY S. FROEHLICH, Judge. *Reversed and cause remanded for further proceedings*.

¶1    GROGAN, J.[1]  Markola and Jessica Williams appeal from orders[2] denying their motions to reopen an eviction action after the circuit court entered a default judgment against them and in favor of landlord Melia Prange.  Prange failed to file a Response brief, and therefore this court summarily reverses the orders, vacates the default judgment, and directs the circuit court to hold a new hearing.  *See* ***State v. R.R.R.***, 166 Wis. 2d 306, 311, 479 N.W.2d 237 (Ct. App. 1991) ("We may summarily reverse a judgment or order if the respondent fails to file a brief, RULE 809.83(2), Stats., and we usually do.").

## I. BACKGROUND

¶2    In April 2024, Prange filed an eviction action alleging the Williamses were behind in rental payments and that they failed to respond to a five-day notice.  The court Record indicates that the Williamses did not appear for the May 21, 2024 eviction return-date hearing, which was held via Zoom.  As a result, the circuit court entered a default judgment against them.  On May 22, 2024, both Markola and Jessica filed motions to reopen.  Each alleged they were in the Zoom waiting room but were not "Let In" to the hearing and that the eviction was retaliatory and therefore unlawful.  The circuit court denied both motions in a form order, indicating they failed to show "good cause" and that they failed to show they had a reasonable chance "of success on the merits[.]"  They now appeal.

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22).  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2]  There are two circuit court orders because Markola and Jessica each filed a motion to reopen, and therefore the court entered a separate order as to each.

¶3      The Williamses filed their joint Appellant's brief on August 26, 2024. In it, they argued the circuit court erred in denying their motions to reopen. Specifically, they asserted that "technical difficulties" with Zoom "prevented" them from attending the eviction return hearing. Accordingly, they believe the default judgment should not have been entered because they attempted to attend but were unable to do so. They contend their failure to appear was a result of "court-related technology issues," and they seek a hearing on the merits of the eviction Complaint. They also point out that they promptly filed motions to reopen and argue that the circuit court violated their due process rights by failing to grant the motions to reopen. In addition, they assert the circuit court that denied the motions to reopen had a conflict of interest.

¶4      Prange's Response brief was due on October 3, 2024. No Response brief was filed on that date. This court issued a delinquency order notifying Prange that she had not filed a brief as required by the Rules of Appellate Procedure. *See* WIS. STAT. RULES 809.19 and 809.82. The delinquency order extended Prange's deadline to file a Response brief by five days and warned that if Prange failed to file the Response brief or failed to request an extension "under RULE 809.14, with good cause shown why the brief has not been timely filed," the orders "appealed from will be disposed of summarily and may be summarily reversed under Rule 809.83(2)." Prange did not file a Response brief or a motion seeking an extension of time to file her brief.

¶5      On October 16, 2024, this court sent Prange a second order, which gave her another chance to file her Response brief and provided a second extension. This order stated:

> The respondent's brief is delinquent. Our October 3, 2024, order advised of the delinquency and required a brief within five days. No brief has been filed.
>
> We will provide the respondent with another opportunity to file a brief. If the respondent fails to file a brief by the date set forth in this order, the appeal will be submitted without it. In addition, we may exercise our discretion and summarily reverse the circuit court provided we determine that the respondent has abandoned the appeal, acted egregiously or acted in bad faith. *Raz v. Brown*, 2003 WI 29, ¶18, 260 Wis. 2d 614, 660 N.W.2d 647; *see also* *State ex rel. Blackdeer v. Township of Levis*, 176 Wis. 2d 252, 259-60, 500 N.W.2d 339 (Ct. App. 1993) (summary reversal is appropriate sanction for respondent's violation of briefing requirements). Therefore,
>
> IT IS ORDERED that the respondent's brief shall be filed no later than October 30, 2024. Failure to file a respondent's brief will result in the submission of this appeal without it.

¶6 Prange has not filed her brief or sought an extension to do so in response to these orders. Under WIS. STAT. RULE 809.83(2), failure to comply with the rules of appellate procedure is grounds for summary reversal in the discretion of this court. Failure of the Respondent to file a brief is a violation of WIS. STAT. RULE 809.19(3)(a)1, which provides: "The respondent shall file a brief[.]" Moreover, this court may summarily reverse an order when a party abandons the appeal, *see* *Raz*, 260 Wis. 2d 614, ¶36, and because Prange has not responded to this court's repeated requests that she file a brief, this court can only conclude that Prange has abandoned this appeal.

¶7 Moreover, by failing to file a Response brief, Prange "'tacitly concedes that the trial court erred[,]'" *State ex rel. Blackdeer*, 176 Wis. 2d at 260, and allows this court to assume that the respondent concedes the issues raised by the appellants. *See* *Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 108-09, 279 N.W.2d 493 (Ct. App. 1979). This court will not act "as

4

both advocate and judge[,]" ***State v. Pettit***, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992), by independently developing a litigant's argument. ***Gardner v. Gardner***, 190 Wis. 2d 216, 239 n.3, 527 N.W.2d 701 (Ct. App. 1994).

¶8      Based on the foregoing, the decision of the circuit court is summarily reversed, the default judgment is vacated, and the cause is remanded for further proceedings consistent with this opinion.

*By the Court.*—Orders reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.