COURT OF APPEALS
DECISION
DATED AND FILED

December 11, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2023AP1997**

STATE OF WISCONSIN

Cir. Ct. No.  2023SC1174

IN COURT OF APPEALS
DISTRICT II

DENNIS BRAUN,

   PLAINTIFF-RESPONDENT,

V.

JENNIFER SAMUELS AND MICHAEL BRAUN,

   DEFENDANTS-APPELLANTS.

APPEAL from a judgment of the circuit court for Walworth County: DANIEL S. JOHNSON, Judge. *Affirmed*.

¶1 LAZAR, J.[1] Jennifer Samuels and Michael Braun ("the tenants") appeal from a judgment of the circuit court for eviction in an action brought by Michael Braun's father, Dennis Braun. This court affirms.

¶2 On July 5, 2023, Dennis Braun sent a "Twenty-Eight Day Notice Terminating Tenancy" to the tenants by certified mail. The notice required the tenants to vacate the premises—a house in Elkhorn—no later than August 31, 2023. They did not move out, and Dennis Braun filed an eviction action against them on October 2, 2023. The tenants appeared in court on October 19, the date designated on their summons for them to appear or file an answer. After the court commissioner entered a judgment against them, the tenants immediately filed a "Motion to Reconsider in front of an Actual Judge." Later on the same day of their appearance, the court issued a notice for a hearing on October 23.

¶3 At the October 23 hearing before the Honorable Daniel S. Johnson, the tenants argued that Dennis Braun was not their landlord but rather that Michael Braun had given his father roughly half of the purchase price of the home at issue ($150,000 of the approximately $300,000 purchase price) in cash and that Michael was therefore part owner of the home. In an attempt to prove this, the tenants called Michael Braun's son as a witness. He testified that he had seen his father give his grandfather the cash but stated that the money was for repairs and improvements to the house. Michael Braun admitted that he gave the money to his father after his father had bought the house but insisted it was money for the purchase of the property and provided a receipt that had been written by him and

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

purportedly signed by his father to that effect. Dennis Braun denied that it was his signature on this receipt and that he had ever received $150,000 from his son for any purpose. Michael Braun sought to call his daughter as an additional witness regarding the payment to his father, but the circuit court did not allow her to testify after Michael Braun responded to the court's request for an "offer of proof regarding what she'd say" by saying it would be the "[s]ame thing" as his son.

¶4    In addition to arguing about ownership of the Elkhorn property, the tenants argued that their twenty-eight-day notice was defective because they did not sign for its receipt. The circuit court found the notice sufficient and that Dennis Braun was the rightful owner of the house before granting judgment of eviction against the tenants.

¶5    The tenants appeal. Despite two orders from this court directing Dennis Braun to file a response and warning him that failure to do so may be grounds for summary reversal, Dennis did not file anything in the appeal. We have discretion to summarily reverse where the failure to file a response constitutes "egregious conduct, bad faith, or a litigant's abandonment of the appeal," *Raz v. Brown*, 2003 WI 29, ¶¶3, 14, 260 Wis. 2d 614, 660 N.W.2d 647, but we decline to do so here. It is the appellants' burden to convince this court that the circuit court erred, *see Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381, and they have failed to meet this burden.

¶6    The tenants make three arguments. The first is that they were given improper notice of the October 23 hearing before the circuit court, which, they

assert, had to consist of at least five days pursuant to WIS. STAT. § 801.15.[2] The tenants provide no authority for the application of § 801.15 to the request that they themselves made for a hearing before a circuit court judge. Eviction actions are governed by WIS. STAT. ch. 799, and WIS. STAT. §§ 801-847 only apply to evictions when other procedures are not prescribed by statute or rule. *See* WIS. STAT. §§ 799.01(1)(a), 801.01(2). WISCONSIN STAT. § 799.206(3) does, in fact, provide another procedure and timeline for hearings in eviction actions:

> When all parties appear in person or by their attorneys on the return date in an eviction, … and any party raises valid legal grounds for a contest, the matter shall be forthwith scheduled for a hearing, to be held as soon as possible before a judge and in the case of an eviction action, not more than 30 days after the return date.

The tenants' hearing took place "as soon as possible" after their request for the same on their return date and within thirty days of that date; there is no basis for reversal based on their first argument.

¶7 Next, the tenants take issue with the twenty-eight-day notice terminating tenancy that Dennis Braun sent them by certified mail. They assert that this notice was "fraudulent" because it was "used for one of the three prior eviction cases that were all dismissed." The only document in the Record related to these previous cases is an order (dated April 11, 2023) dismissing one of them, but the tenants allege that the three previous eviction actions brought against them by Dennis Braun were filed on March 29, 2023; May 12, 2023; and June 5, 2023.

---

[2] Although it does not make a legal difference, the tenants erroneously state in their appellate brief that they appeared in court on October 20, 2023, and had only the weekend of October 21 to 22 to secure counsel. In fact, the Record shows that they appeared on October 19, so they also had Friday, October 20 and all of the time before that October 19 appearance to secure representation if they wished.

The tenants do not explain how the notice for the present action, dated July 5, 2023—after all previous cases were allegedly filed—was somehow fraudulent or could be connected with a case that had previously been dismissed. Nor is there any support in the Record for their argument that they were entitled to ninety days' notice pursuant to WIS. STAT. § 704.19(3), which provides for a ninety-day notice period for "all agricultural tenancies from year-to-year." Even setting aside the fact that the tenants did not raise this issue in the circuit court, their statement in their appellate brief that "[t]he property is zoned A5" and that they have "horses, cows, pigs and chickens and ducks" on it is insufficient to establish that they had a year-to-year agricultural tenancy.

¶8    Finally, the tenants argue that the circuit court erred in refusing to allow Michael Braun to call his daughter as a witness, asserting that this was a denial of the tenants' "right to a fair trial as guaranteed by the 6th Amendment of the Constitution of the United States of America." Under WIS. STAT. § 904.03, the court has discretion to exclude testimony that is cumulative. *See* ***State v. Morgan***, 195 Wis. 2d 388, 444-45, 536 N.W.2d 425 (Ct. App. 1995). The court appropriately exercised its discretion to deny Michael Braun's daughter's testimony, given Braun's statement that such testimony would consist of the "[s]ame thing" as his son's testimony.

> *By the Court.*—Judgment affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.